THE STATE ex rel. NUNNELEE, Collector, v. HORTON LAND & LUMBER COMPANY, Appellant.

### Division One, March 29, 1901.

1. **Cause of Action: PLEADING: PRAYER.** The cause of action is determined by the facts stated in the petition and not by the prayer for relief.

2. **———: ———: TAXES: MANUFACTURERS: FAILURE TO MAKE STATEMENT: SUIT ON BOND: EVIDENCE.** The bond required by the statute of a manufacturer is broken by his failure to make out and file a sworn statement of the greatest amount of raw materials and finished

product on hand on any one day between March and June, and of tools and machinery on June first, and for such breach the State is entitled to recover as damages three times the taxes whch it may be found were due from him for the year, and also attorney's fees as costs. Such suit is not one for taxes, nor one for damages for failure to pay taxes, but one for damages for failure to make the statement required by the statute. And in support thereof, it is proper to permit evidence tending to prove the value of the raw material and finished product on hand on any one day between March and June, and of the machinery, tools, etc., on hand on June first.

3. **Instructions:** ISSUES: PLEADING: EVIDENCE. Instructions must be based on issues made by the pleadings. Issues can not be tendered by the evidence.

4. ———: ———: SUIT ON BOND: SELLING PROPERTY: TAXES. Where the suit is based on the breach of the bond given by a manufacturer, by failing to make sworn statements of the amount of goods on hand, it is 'no defense that the property was sold under execution before the first of June of the year for which he failed to pay the taxes. In such case, the suit is for damages for a breach of the bond, and not for the taxes.

Appeal from Ripley Circuit Court.—*Hon. Jno. G. Wear, Judge.*

AFFIRMED.

*J. C. Sheppard* for appellant.

(1) The court should have sustained defendant's objection to the introduction of any testimony, because the petition does not state facts sufficient to constitute any cause of action. The petition states that the defendant, Horton Land & Lumber Company, was engaged as a manufacturer during the months of March, April and May, 1896, when the bond sued on covered taxes which were to accrue, if at all, during the tax year beginning June 1, 1896. The tax year in this State begins June first of each year, and there is no exception to this rule. R. S. 1889, sec. 7569, and sec. 6821. (2) The court erred

in permitting witness Bell to testify as to the value of the manufactured products, tools and machinery the previous year, as this was no evidence of the value the succeeding year. A tax based upon a valuation of a year other than the year for which it was assessed is invalid. 25 Am. & Eng. Ency. of Law (1 Ed.), p. 200; State v. Cook, 82 Mo. 185; State v. Union Trust Co., 92 Mo. 157. (3) The court should have given the second instruction asked by defendants. This is a suit for a forfeiture of the bond for failure of the Horton Land & Lumber Company to pay the tax, and not for a failure to file the statement. This is determined by the prayer for relief. As no valuation was proved, no assessment whatever made, no judgment could be rendered. Rush v. Brown, 101 Mo. 586. (4) The bond sued on was given to secure the payment of the license tax, and as there was no license issued to defendant, Horton Land & Lumber Company, as appears by the record, there was a failure of proof. (5) If there had been a license issued, as stated in the plaintiff's petition, on the ninth of December, 1895, then it expired by operation of law on the first day of June, 1896. R. S. 1889, sec. 6821. (6) There was a failure of proof in this respect: The Horton Land & Lumber Company was not a manufacturer on the first day of June, 1896, when the tax year began; was not the owner of any personal property whatever, and could not have been assessed. The person owning the property on the day the assessment commences is liable for the taxes for the fiscal year. McClaren v. Shelbe, 45 Mo. 130; State ex rel. v. Snyder, 139 Mo. 549.

*Geo. W. Crowder* for respondent.

(1) The petition states a cause of action and will bear the severest test, and the court committed no error in overruling defendant's objection to any testimony. State ex rel. v Pohlman, 60 Mo. App. 444; Wetmore v. Crouch, 55 Mo.

State ex rel. v. Horton Land and Lumber Co.

App. 441.   (2)   The testimony of I. D. Bell was properly admitted.   This is fundamental.   (3)   This is a suit for the forfeiture of a bond for the failure of the Horton Land & Lumber Company to file its statement as required by law on the first Monday in June, and the law defines the damages in such cases in positive terms.   R. S. 1899, sec.   8553.   (4) The introduction in evidence of the manufacturer's bond was sufficient proof of the issuance of a license thereon.   The existence of a license is set out in such bonds, and the bond, being the sole record in the collector's possession, was the best evidence obtainable.   (5)   By the terms of its bond, given on the sixth day of December, 1895, the Horton Land & Lumber Company, and its securities, were held and firmly bound unto the State of Missouri for the payment of all taxes due for the twelve months ending November 1, 1896; and said taxes were by law to be levied upon the greatest aggregate amount of raw material, finished products, etc., which it may have had on hand on any one day between the first Monday in March, and the first Monday in June, 1896.   It is not disputed that the Horton Land & Lumber Company owned and controlled about $49,000 worth of such property until after the first day of April, 1896.   It was properly taxable for all such property owned or controlled by it during any part of the period from the first Monday in March, 1896, to the first Monday in June, 1895.   R. S. 1899, sec. 9486; State ex rel. v. Tracy, 94 Mo. 217; Aurora v. McGannon, 138 Mo. 38; Judson, Taxation in Missouri, ch. 6, p. 138.

BRACE, P. J.—By statute it is provided:   "All manufacturers in this State shall be licensed and taxed on all raw material and finished product, as well as all the tools, machinery and appliances used by them, in the same manner as is or may be provided by law for taxing and licensing merchants." [Revised Statutes 1889, section 6821.]   And by section 6897

of that revision it is provided that "any person or co-partnership of persons applying for a license to vend merchandise shall, before he or they shall receive such license, execute a bond to the State, with two or more good and sufficient sureties, who shall be freeholders at the time, conditioned that he or they will, on or before the first day of November next following, pay to the collector of the proper county the tax due upon such license; which bond shall be approved by the collector, and his approval indorsed thereon."   And by the next section the form of the bond is prescribed.

The defendants, in pursuance of these statutory provisions, and in the form prescribed, executed and delivered to the collector their bond as follows:

### "Manufacturer's License Bond.

"Know all men by these presents, that we, the Horton Land & Lumber Company as principal, and L. A. Kelsey and W. H. Horton as security, freeholders of the county of Ripley, are held and firmly bound unto the State of Missouri, for the payment on the first day of November next, to the said collector of said county, of all taxes which may then be due from the principal in this bond, for the twelve months ending the above-mentioned date, upon their license as manufacturers, and in default of such payment, to pay all damages and costs which may be adjudged against them by law.

"Given under our hands this sixth day of December, 1895."

The statute further provides that, on the first Monday in June, in each year, "manufacturers shall file, separately, their sworn statement of the greatest aggregate amount of raw material and finished products which they may have on hand between the first Monday in March and the first Monday in June, of the then current year, on any one day between said

times, as well as the tools, machinery and appliances used in conducting their business or owned by them on the first day of June of each year." [R. S. 1889, sec. 6821.]

It is then made the duty of the county clerk to enter an abstract of such statements in a book, the amount of each statement, and the amount of each kind of taxes levied thereon, and on or before the first day of October to make out and deliver to the collector a copy of such abstract, taking his receipt therefor, and charging the collector with the amount of such taxes. [R. S. 1889, sec. 6899.]

The law then provides that every person to whom such license shall have been granted "who has filed a correct statement as herein required, and failed to pay the amount of revenue so owing, to the collector of the proper county, shall be deemed to have forfeited the bond given by him or them in virtue hereof, and judgment shall be rendered for the plaintiff in damages, for double the amount of such revenue and costs" (R. S. 1889, sec. 6904), and that "every such person or copartnership of persons, who shall fail to file such statement and at the time and in the manner required, shall be deemed to have forfeited the bond given by him or them, in virtue of this chapter, and judgment shall be rendered for the plaintiff in damages for three times the amount of revenue which shall be found to be due for the year, and costs." (Sec. 6905.) That, "Upon forfeiture of any bond as provided, it shall be the duty of the collector of the proper county to institute suit without delay, by some attorney to be selected by him, upon the bond forfeited, against the principal and all sureties, jointly or severally as may be deemed advisable; and the court in which the judgment shall be rendered, shall, if judgment shall be for the plaintiff, tax as costs in the case, to be paid as other costs, a reasonable fee in favor of the attorney prosecuting the action" (sec. 6907).

This is an action by the collector on the bond aforesaid for damages under section 6905, the plaintiff charging in his petition that the defendant, the said Horton Land & Lumber Company obtained a manufacturer's license on the sixth of December, 1895; that it was a corporation engaged in the business of manufacturing lumber during the months of March, April and May, 1896; that the defendants executed and delivered the bond aforesaid; that said lumber company failed to file the statement required by statute as aforesaid; that "the greatest amount of the raw materials and finished products which said defendant, the Horton Land & Lumber Company, had on hand at any one time between the first Monday in March and the first Monday in June, 1896, was of the value of $25,000, and that the tools, machinery, and appliances used in conducting its said business by it on the first Monday in June, 1896, amounted in valuation to $24,872.35, and altogether in the aggregate amounted to $49,872.35 in valuation, of the raw material, finished products and tools, machinery and appliances. And plaintiff further states that on said greatest and aggregate amount in valuation there became due to the State of Missouri, taxes in the following sums, at the lawful and established rate of taxation from the said defendant, the Horton Land & Lumber Company, namely:

"Year 1896, State Revenue tax . . . . . . . . $74 81
Year 1896, State Interest tax . . . . . . . .    49 87
Year 1896, County Revenue tax. . . . . .   249 37
Year 1896, School tax . . . . . . . . . . . . .  364 07
Interest since January 1, 1897 . . . . . . . .   14 76

$752 88

All of which taxes remain due and unpaid as fully set forth in an itemized taxbill under the hand of said Collector Nunnelee, herewith filed.

"Wherefore, the plaintiff states that the State of Missouri

is damaged by the said failure of the said defendant, the Horton Land & Lumber Company, to pay said taxes to the amount thereof, $752.88, and plaintiff prays judgment against said Horton Land & Lumber Company, and its securities on its said bond, Lewis A. Kelsey and W. H. Horton, for three times the amount of said revenue so due and unpaid, to-wit, $2,-258.64, according to the statute made and provided for such cases, and also for the allowance to the plaintiff's attorney of $100 as attorney's fees in this case, according to said statute."

The answer was a general denial. The case was tried by the court without a jury.

(1) At the trial the defendants objected to the introduction of any evidence on the ground that the petition did not state facts sufficient to constitute a cause of action. The overruling of this objection is assigned as error, the point made being, that "The petition states that the defendant the Horton Land & Lumber Company was engaged as a manufacturer during the months of March, April and May, 1896, when the bond sued on covered taxes which were to accrue, if at all, during the tax year beginning June 1, 1896."

This, as well as other points made for reversal, are founded upon a misconception of the nature of the action. This is not an action for the recovery of the taxes of 1896, nor for the recovery of damages under section 6904, for failure to pay the amount of the taxes for that year, levied in accordance with a correct statement filed by the lumber company as required by law, but for damages under section 6905, for the failure of the lumber company to file the statement required by law, whereby such taxes might have been assessed, levied and collected in the manner provided by law. The character of the action is determined by the facts stated in the petition and not by the prayer for relief. The bond covered not only damages under section 6904, for failure to pay such taxes, when so assessed

and levied, but also damages under section 6905, for failure to file the proper statement whereby they might have been so assessed, levied and collected.   Hence, the court committed no error in overruling defendant's objection to the introduction of evidence in support of the petition, and committed no error in admitting evidence tending to prove the value of raw material and finished products on hand on any one day between the first Monday in March and the first Monday in June, 1896, and of the tools, machinery and appliances used in conducting their business or owned by them on the first day of June, 1896.

(2)   At the close of the evidence the defendant asked the court to declare the law of the case as follows:

"1.   The court, sitting as a jury, declares the law to be that under the law and the evidence in this case the finding must be for the defendants."

"2.   The court further declares the law to be that if it believes and finds from the evidence that the defendant, the Horton Land & Lumber Company, was not engaged in the business of manufacturing, but had its property all levied upon and sold under an execution sale prior to the first day of June, 1896, then the finding should be for the defendants."

The court refused to so declare, and this refusal is assigned as error.

The evidence tended to prove all the material allegations of the petition, and if the delivery of the license to the lumber company be deemed a material allegation, the bond itself duly executed and delivered by the defendants to the collector was sufficient evidence of that fact, so there was no failure of proof and the court committed no error in refusing defendant's declaration numbered 1.

(3)   Defendant's declaration numbered 2 is not predicated on any issue made by the pleadings, and was evidently

drawn on the misconception of the nature of the action to which we have referred. Issues can not be tendered by the evidence in a case, and if they could the fact that the defendant's property had changed hands before the first of June, 1896, if such was the fact (of which there was slight evidence brought out on a re-cross-examination of one of plaintiff's witnesses), afforded no defense for defendant's neglect to file the statement required by law, to recover damages for which this action was brought under the statute, and not for taxes on property of the defendant for the fiscal year beginning June first, 1896, nor for damages for non-payment of such taxes.

The court found the issues for the plaintiff and rendered judgment in his favor against the defendants for the sum of $756.66 and costs, and for $75 attorney's fee. We find no error of which defendants can complain, and the judgment of the circuit court will be affirmed.

All concur, except *Marshall, J.,* absent.