MORRISON *v.* CREWS *et al.*

(*Nashville*, December Term, 1950.)

Opinion filed March 9, 1951.

LINDSEY & LINDSEY and JOHN F. MORRISON, JR., all of Lawrenceburg, for appellant.

RAY HOLLIS, Lawrenceburg, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a suit sought to be maintained by the appellant Morrison as an election contest under Code Section 2123, wherein it is provided that "Should a candidate for the office of judge . . . desire to contest his election" he shall within a specified time "present a sworn statement of the grounds of contest to the Chancellor". The office involved is that of General Sessions Judge of Lawrence County. The appellee Crews is the person to whom the appellee Election Commissioners issued a certificate of election. The suit was instituted within the twenty days required by the statute.

Subsequent to the expiration of the time allowed by Code Section 2123 to institute an election contest Morrison moved to amend his bill so as to show that the suit is being maintained in the name of the State on his relation. The defendants moved that the bill be dismissed for several reasons hereinafter discussed. The Chancellor disallowed the motion to amend and sustained defendants' motion to dismiss the bill, and granted this appeal by contestant Morrison.

The election in question was had on August 3, 1950. Morrison's bill makes the charge that many irregularities and illegalities were committed by the commissioners and officials of the election. These charges, except as to matters hereinafter stated, are in terms too general to be considered. *Nelson* v. *Sneed,* 112 Tenn. 36, 50, 83 S. W. 786. The bill seems to recognize that fact by its statement that ''for the purposes of this bill it is not deemed necessary to enumerate such irregularities and illegalities other than those specifically set out herein''.

The first of the three alleged specific illegalities is with reference to the name of Morrison having been intentionally, so it is alleged, left off the ballot by the Election Commissioners, notwithstanding the fact, so it is alleged, that he, Morrison, was the Democratic nominee as a candidate for said office and furnished the Election Commissioners within the time required by law the required credentials so showing. It is alleged that when the Election Commissioners informed him that they were not going to put his name on the ballot he instituted an injunction proceedings against the commissioners with the result that they were enjoined from printing the ballot ''without having printed thereon the name of complainant as such candidate at the proper place''. Notwith-

standing this, Morrison's name was not on the ballots furnished the voters on Election Day.

Morrison's insistence is that by reason of the allegations stated he was "a candidate" within the meaning of Code Section 2123 authorizing a candidate to contest the election in which he was a candidate. In this connection, he further insists that the election "was void" because his name was illegally and fraudulently withheld from the ballot by the Election Commissioners. There is no insistence that Crews participated in so withholding his name other than an allegation that one of the Election Commissioners told Morrison that Crews or his counsel had notified the commissioners "that they would have a lawsuit on their hands if they put petitioner's name on said ballot". This falls considerably short of charging Crews with any fraudulent conduct with reference to this election.

The second ground of contest specified is with reference to the ballots said to have been used in that election. It is the duty of the election Commissioners to have the ballots printed, Code Section 2046. Specific provisions are made in other code sections as to what the ballots shall contain, in what form they shall be transmitted to the election precincts, etc. It is required that on the back of each ballot there shall be a recitation that it is the official ballot and contains the facsimile signature of those charged with the duty of printing the ballots, Code Section 2051.

It is alleged that the ballots used in this election violated practically all of these provisions of the code; that the ballots used did not have the facsimile signature of the Election Commissioners but had printed on the back thereof the following:—"Election Registrars for Lawrence County, Tenn.", and "under the authority of sec-

tion 2056 of the code of Tennessee''. Section 2056 provides that ''In case the ballots to be furnished to any . . . civil district, shall fail, for any reason, to be duly delivered . . . it shall be the duty of the registrars in said . . . civil district to cause other ballots to be prepared substantially in the form of the ballots so wanting and to be furnished''. The allegation is that the Election Commissioners, not the registrars in the various civil districts, caused these ballots on yellow paper to be printed with the false recitation that it was the work of the registrars and done by them under the authority given by Code Section 2056. It is said that this fraud had for its purpose the omission of the name of Morrison from that ballot without being guilty in so omitting his name of violating the injunction which prohibited the commissioners from printing the ballots without including his name as a candidate for General Sessions Judge. As a result of this manner of providing the ballots only the name of Crews appeared on the ballot as a candidate for this office. It is not alleged that Crews had anything to do with this alleged scheme.

Code Section 2068 provides that ''No ballot without the official indorsement of the chairman of the board of commissioners shall be deposited, and none but ballots provided in accordance with the provisions of this article shall be counted''. The allegation of Morrison's bill is that the ballots above mentioned and furnished to the voters ''were absolutely null and void and should not have been counted''; hence, that the election was ''void''.

The third ground of contest is specifically stated in the bill as follows: ''And petitioner further believes and charges that under the Act creating the office of Judge of the General Sessions Court of said County, the term of office was fixed at eight years, beginning September 1,

1944; and therefore the defendant Commissioners of Election were without authority to include in the call for said August 3, 1950 election, the filling of the office of, or election of an official for, judge of the Court of General Sessions of said County, and that such election was for that reason also void.''

Morrison's bill concludes with the statement that he is not seeking any rights or title to the office, but asserts that he as a candidate ''has the right . . . to bring this action'' for the purpose of having the election for General Sessions Judge ''declared a nullity and void'' upon each of the three grounds above stated.

It is the insistence of the contestee that Morrison's bill shows on its face that it ''is a suit in the nature of a quo warranto and was not filed by the District Attorney General''. This insistence, if sound, is conclusive here. *Weaver* v. *Maxwell*, 189 Tenn. 183, 224 S. W. (2d) 832. Hence, that insistence should be considered first.

█ Assuming the contestant to have been a candidate within the meaning of Code Section 2123 providing that a candidate may contest the election, it is well established that such contestant, because he was a candidate, may maintain his bill for the sole purpose of having the entire election declared void. *Maloney* v. *Collier,* 112 Tenn. 78, 101, 83 S. W. 667. The question, therefore, is whether Morrison was a candidate within the meaning of Code Section 2123.

█ If the allegations of Morrison's bill are true, (and it must be so assumed in the present status of the record) he was the nominee of one of the two major political parties as a candidate for the office in question, and had complied with all the statutory requirements precedent to the placing of his name upon the ballot by the officials charged with that duty. On principle, therefore, it would

seem that if it be true that his name was illegally and fraudulently withheld from the ballot, as alleged, by those officials charged with the statutory duty of placing it there, then such illegal and fraudulent conduct ought neither in law nor equity have the effect of depriving Morrison of the right given him as a candidate under Code Section 2123.

While there is no precedent in our decisions, in so far as we can find, for the very extraordinary situation with which we are here confronted, it seems to be well settled that Morrison as such nominee has rights beyond that of a mere citizen or taxpayer with reference to the contest of the election. 18 American Jurisprudence, page 285, Section 157, cites a number of authorities in support of its text defining the status of such a nominee as follows: "Although not strictly speaking a public officer, the law gives such a nominee a certain and definite standing and endows him with at least one valuable privilege or right which he may enforce—namely, the right to have his name printed on the official ballot".

■ The conclusion of the Court is that under the allegations of the bill Morrison was a candidate for judge within the language and intent of Code Section 2123. He may, therefore, assert his right as a candidate under that Code Section to contest this election.

■ It follows that Morrison's suit is not one in the nature of a *quo warranto*. The statute dealing with *quo warranto* proceedings expressly provides that "The validity of any election which may be contested under this Code cannot be tried under the provisions of this chapter", Code Section 9350.

*Skelton* v. *Barnett,* 190 Tenn. 70, 227 S. W. (2d) 774, 775 referred to by contestees is not in point for the reason that the petition of contestant Skelton expressly gave

notice that he was not contesting the election involved there by reason of any right which he may have had "as a candidate". He, therefore, made applicable to his case the rule announced in the line of cases represented by *Patton* v. *City of Chattanooga,* 108 Tenn. 197, 65 S. W. 414, and *Jared* v. *Fitzgerald,* 183 Tenn. 682, 195 S. W. (2d) 1, since he presented himself to the Court only in the capacity of a citizen and taxpayer and alleged no injuries to himself not common to all such persons.

In an opinion this day announced in the Lawrence County election case of *Hollis et al.* v. *State of Tennessee ex rel. Vaughan,* 192 Tenn. 118, 237 S. W. (2d) 952, it is held that under Code Section 2123 one who was a candidate in an election for a judicial office may maintain in his individual name a contest of that election without being required to proceed in the name of the State on relation of the contestant. Appellee's insistence to the contrary must, therefore, be overruled.

It is a fact known by everybody that a candidate whose name is not printed on the ballot has, *ipso facto,* practically no chance of election if another's name is on the ballot. So, the witholding from the ballot of the name of a party nominee and the placing thereon of only the name of the candidate "it pleased the election officials to be listed and voted for" is, for all practical purposes, a complete denial to the voters of an opportunity to vote for the candidate of their choice. It is quite obvious that such an illegal and fraudulent act prevents the free exercise of the elective franchise to such an extent as to render the entire election invalid.

Although the Alabama statute, unlike ours, is so worded as to require a *quo warranto* proceedings in the situation with which we are here dealing, nevertheless, quite to the point is the following remark of that court

on this situation in the case of *Walker* v. *Junior,* 247 Ala. 342, 24 So. (2d) 431, 435, 165 A. L. R. 1257, 1264: "But these and no other cases so far as we know should or could be interpreted as approving the validity of an election where the official ballot was withheld by the election officials and the purported ballots furnished to and used by the voters were mere unauthorized, ex parte slips of paper prepared without authority of law and containing the names of only those candidates it pleased the election holders to be listed and voted for."

■ The Court overrules appellant's assignment of error to the effect that under the Act creating the office of Judge of General Sessions Court for Lawrence County no authority existed to hold the election in question. It is true that Chapter 55 of the Private Acts of 1943 creating this office did provide that the judge elected to office in September 1944 "shall serve for a period of eight years". It is, however, further provided therein that he shall serve "until his successor is elected and qualified as is provided by law for judges of inferior Courts. Said election shall be conducted in accordance with the general election laws of the State of Tennessee."

Section 4 of Article 6 of our Constitution provides that the full term of such a judge shall be eight years. By Section 5 of Article 7 the Constitution provides that the first of such elections for the full term shall be held in August of 1870 "and forever thereafter" in August next preceding the expiration of their respective terms of service.

■ ■ We think it does no violence to the language of the 1943 Act to construe that language as meaning that the full term of the General Sessions Judge shall be for eight years and that his election for such full term

shall be held at the same time as the election for all other Judges for the full term. Since the Act is capable of this construction it is our duty to so construe it to the end that it may be held constitutional rather than the contrary.

Moreover, the rather liberal severability clause and Section 14 of Chapter 55 of the Acts of 1943 amending the original Act seem to reject appellant's insistence.

█ All grounds of the contestee's motion to dismiss Morrison's bill have been fully discussed and disposed of in that hereinabove stated. For the reasons there set out, the opinion of the Court is that the Chancellor erred in sustaining the contestee's motion to dismiss Morrison's bill and in dismissing that bill. The judgment will be reversed and the cause remanded for further appropriate proceedings.

█ The allegations of the bill are not sufficient to charge Mr. Crews with participating in the wrongs alleged in the bill. Hence, the costs will be adjudged against the appellees, Commissioners of Election of Lawrence County in their individual capacities.

All concur.