STATE of Missouri, at the Relation of James K. HAND, Arthur P. Beauchamp, and George L. Thompson, of Maries County, Missouri; and Homer Campbell, Clyde Bull, Clarence Martin, Gene Smoot, Eugene Elkins, and Millard Hauck, Members of Board of Directors, Dixon Reorganized Schools R–I, Pulaski County, Missouri, Relators,

v.

Jesse BILYEU, Reba Deardueff, and Von Conner, Last Members of West Fairview School District No. 52, Maries County, Missouri; Von Conner, (Mrs.) Dessie Bilyeu, and Frank Hodge of Maries County, Missouri, and Willard Terry, Howard Henderson, Max John, Tim Ramsey, Ed Minzes, and James Murphy, Board of Directors, Reorganized School District R–I, Maries County, Missouri, Respondents.

No. 48913.

Supreme Court of Missouri,

En Banc.

Nov. 13, 1961.

Edgar M. Eagan, Jefferson City, of counsel for appellants.

Bond & Dominique, John O. Bond, P. Pierre Dominique, Jefferson City, for respondents.

Thomas F. Eagleton, Atty. Gen., C. B. Burns, Jr., J. Gordon Siddens, Asst. Attys. Gen., for intervenor.

WESTHUES, Judge.

This is a mandamus proceeding which grew out of whether a common school district, known as West Fairview School District No. 52 of Maries County, Missouri, should be attached to Reorganized School District R-1, Maries County, or to the Dixon Reorganized Schools R-1 in Pulaski County. The cause was first heard in the Circuit Court of Maries County, Missouri, where the trial court quashed the alternative writ which had theretofore been issued. An appeal was taken to the Springfield Court of Appeals. That court reversed the judgment of the trial court with directions to enter an order making the alternative writ peremptory. This court granted an application to transfer the cause here. It was argued and submitted at our September Session, 1961. In addition to the briefs filed by the parties directly interested, the State's Attorney General was permitted to intervene and file a brief.

The relators are taxpaying citizens of the now defunct West Fairview Common School District and the members of the Board of Directors of the Dixon Reorganized Schools R-1 of Pulaski County. Respondents are Jesse Bilyeu, Reba Deardueff, and Von Conner, who were the last board members of the West Fairview District; Von Conner, Mrs. Dessie Bilyeu, and Frank Hodge, residents of Maries County; and the members of the Board of Directors of the Reorganized School District R-1 of Maries County.

Briefly, the facts as shown by the record are these: West Fairview School District No. 52 was a common school district located ·in the southern portion of Maries County, a short distance from Dixon in Pulaski County. The boards of education of Maries County and Pulaski County attempted to form reorganized school districts as provided for in Sec. 165.673 and Sec. 165.677, V.A.M.S., RSMo 1959. (All statutory references are to said revision unless otherwise indicated.) The county boards of education of the two counties failed to agree as to the disposition of the territory in West Fairview District whereupon the question was submitted to the State Board of Education. The State Board approved the plan of reorganization as submitted by the Board of Education of Pulaski County which included the West Fairview District, subject to a vote to be taken within 60 days, as provided for in Sec. 165.680. Notification of this decision was made on March 13, 1959. On April 21, 1959, an election was held in the Dixon Reorganized Schools R-1, resulting in a vote approving the action of the State Board of Education. On March 16, 1959, the West Fairview Board met and instructed the clerk of the board to post notices for a special election to be.held at the West Fairview schoolhouse on Tuesday, March 31, at 2 p. m., for the purpose of voting on the question "to annex West Fairview School District #52 in its entirety to Reorganized School District R-1 Maries County, Missouri."

At the appointed hour, a meeting was held at the schoolhouse. The meeting was organized by electing Von Conner as chairman and Dessie Bilyeu as secretary. In all respects, the meeting was conducted in accordance with Sec. 165.267, except that the chairman failed to announce the result of the vote. The vote, as tabulated, showed 21 against annexation and 20 in favor of annexation. It will be noted that at this point it became the duty of the chairman, who is the defendant Von Conner, to announce the result. The statute, Sec. 165.267, supra, prescribing the procedure at such a meeting expressly so provides. Note what it says: " * * * each person desiring to vote shall advance to the front of the chairman and deposit his ballot in a box to be used for that purpose. When all present shall have voted, the chairman shall appoint two tellers, who shall call each ballot aloud and the· secretary shall keep a tally and

report to the chairman, *who shall announce the result;* * * *." (Emphasis supplied.)

The chairman did not comply with the plain mandate of the statute. Instead, the meeting broke up. At a later date, there was a meeting of the West Fairview Board, at which time, under the supervision of the Board, four absentee ballots were counted, —all in favor of the annexation. Thereafter, the Board of the Reorganized School District R-1 of Maries County accepted the West Fairview District. The property of the West Fairview District was delivered to the Maries Board. For a detailed statement of the procedure followed, see the opinion of the Springfield Court of Appeals, 346 S.W.2d 221.

This mandamus proceeding was filed asking that a writ be issued commanding Von Conner, the chairman of the meeting, to comply with his statutory duty to announce the result of the vote as taken at the meeting; that the writ command the secretary of the meeting, Dessie Bilyeu, to include in the minutes that Von Conner had announced the result; that the writ order the members of the Board of Maries Reorganized District to deliver to the Dixon District all of the books and property in their hands which was the property of the West Fairview District. As stated supra, the trial court denied the writ. The Court of Appeals reversed the judgment and remanded the cause with directions to enter a judgment in favor of the relators.

■ The cause was ordered transferred to this court on the sole ground that in our opinion the Court of Appeals erred in treating the subject of the absentee voting laws. As we interpret the opinion, it was held that the absentee voting laws were not applicable to any school district election. This court considered that subject in a recent case. See State ex rel. School District of City of Jefferson, Cole County, Missouri v. Holman, Mo., 349 S.W.2d 945, No. 49009. We ruled in that case that

the absentee voting laws were applicable to elections held in school districts when conducted under the election laws of this state. We referred to the opinion of the Springfield Court of Appeals in this case and pointed out that the question before the Court of Appeals was whether the absentee voting laws were applicable to a vote taken at a school meeting of a common school district conducted in accordance with the provisions of Sec. 165.267, supra. Note that Sec. 165.300(4) provides that "The voting at said special school meeting or special election shall be by ballot, as provided for in section 165.267, in the case of common school districts, or as provided for in section 165.330 in the case of town, city or consolidated school districts, * * *." The question of whether the absentee voting laws are applicable to elections in school districts where there are polling places and election judges as provided for general elections, particularly Sec. 165.330, was not before the Court of Appeals and is not now in the case before us. This court has no fault to find with the result reached by the Court of Appeals. This is for the reason that the absentee voting laws may not and obviously cannot be used when a vote is taken at a school meeting under the provisions of Sec. 165.267, supra. The provisions of that section prescribe with particularity the procedure for taking a vote. Such procedure leaves no room for any voting except by those attending the meeting. It has been held that a person must be present at the time the voting is taking place, otherwise the voter may not cast a ballot. See State ex inf. Walker ex rel. Wagster v. Consolidated School District No. 4C of Dunklin County, 240 Mo.App. 91, 213 S.W.2d 271, affirmed 358 Mo. 839, 217 S.W.2d 500, l. c. 502(2). In that case, this court en banc stated the following concerning the statute in question: "We think that when all present had voted and the tellers were appointed that the above section contemplated the voting should be brought to an end."

We rule that it was the duty of Von Conner to make an announcement stating the result of the vote immediately after the ballots had been counted. We further rule that this was a ministerial duty which may be enforced by mandamus.

We are fully satisfied with the opinion of the Springfield Court of Appeals in its treatment of the subject of the writ of mandamus. We find nothing in the brief filed by respondents in this court that was not fully considered by the Court of Appeals. In the brief in this court, under Point III, it is stated that "Relators cannot by mandamus require the Court to ascertain whether the Board of respondent West Fairview School District in determining whether the absentee ballots cast should or should not have been accepted, since the Board in determining the validity or invalidity of said ballots acted in a quasi judicial capacity." A sufficient answer to that point is that the Board of West Fairview School District had absolutely nothing to do with the meeting at which the vote was taken. Whatever action the board may have taken after that meeting with reference to the vote was nugatory for want of authority to act. The Court of Appeals correctly ruled in holding that the Reorganized School District R-1 of Maries County did not attain the legal status of a de facto district and was not acting under any color of authority as to the territory of the West Fairview District. It is conceded that an election was held in the Dixon District which resulted in a vote approving the plan of the State Board of Education and accepting the territory comprising the West Fairview District. That, in a legal sense, completed the annexation of West Fairview to the Dixon District.

It would serve no useful purpose for this court to review the question of the application of the writ of mandamus in this case when, in our opinion, the matter was fully considered and correctly decided by the Court of Appeals. We hereby approve and adopt, without setting forth, that part of the opinion of the Springfield Court of Appeals beginning with that paragraph marked Syl. (5) on page 226 and continuing to the end of the opinion on page 231 of 346 S.W.2d.

It follows that the judgment of the trial court must be reversed and the cause remanded with directions that the order quashing the alternative writ be set aside and that a judgment be entered making such writ peremptory.

It is so ordered.

All concur.