364 S.W.2d 9 (1963)
Clark D. NICHOLS et al., Appellants,
v.
REORGANIZED SCHOOL DISTRICT NO. 1 OF LACLEDE COUNTY, Missouri, and Lawrence Hendrix, John S. Ragland, Ralph Meents, Elmer Young, Russell Caffey, Byron Harris, Members of the Board of Education of said School District, and Mary Lula Miller, Secretary of said Board of Education, Respondents.
No. 49580.
Supreme Court of Missouri, En Banc.
January 14, 1963.
*10 Weldon W. Moore, Rolla, Claude T. Wood, Richland, for appellants.
Donnelly & Donnelly, Robert T. Donnelly, Lebanon, Neale, Newman, Bradshaw, Freeman & Neale, Jean Paul Bradshaw, O. J. Taylor, Springfield, for respondents.
STORCKMAN, Judge.
This is an action in equity to enjoin the issuance of bonds in the sum of $198,000 for the construction of school buildings. The purported approval of the bond issue at a special election is in controversy. The plaintiffs who are property owners and taxpayers in Reorganized School District No. 1 of Laclede County, Missouri, sued for themselves and as representatives of a class. The defendants are the School District and the members and officers of the Board of Education of the School District. After the issues were joined, certain facts were stipulated. The defendants then filed a motion for summary judgment which was sustained and judgment was entered dismissing plaintiffs' petition. The plaintiffs' motion for a new trial was overruled and they have appealed.
At the outset we are confronted with the question of this court's jurisdiction of the appeal. The relief requested in plaintiffs' amended petition is the entry of an order "permanently restraining and enjoining the secretary and the board of education of Reorganized School District No. 1 of Laclede County, Missouri, from: (1) Incurring indebtedness of said school district to the amount of $198,000.00, or any part thereof; (2) Issuing and registering any evidence of indebtedness of said school district which purports to be authorized by the voters at said Special Election of April 29, 1961; (3) Collecting taxes to pay any such indebtedness, or any interest thereon; and (4) For such other relief as to the Court may seem just in the premises and for all costs." The plaintiffs' petition alleges and the defendants' answer admits that the defendant School District and the other defendants will, unless restrained and enjoined by the *11 court, incur an indebtedness on behalf of the School District in the amount of $198,000 and cause a tax to be levied on the taxable property in the School District for the payment of the principal and interest of such indebtedness. The parties now concede that jurisdiction does not exist on the ground that the School District is a political subdivision within the meaning of Art. V, § 3, Constitution of Missouri 1945, V.A.M. S. See Hydesburg Common School Dist. of Ralls County v. Rensselaer Common School Dist. of Ralls County, Mo., 214 S.W. 2d 4.
When the object of the suit is for relief other than a money judgment, the amount involved must be determined by the value in money of the relief to the plaintiff, or the loss to the defendant, should the relief be granted, or vice versa, should the relief be denied. Cooper v. School District of Kansas City, 362 Mo., 49, 239 S.W.2d 509, 510 [3]; Bauer v. City of Berkeley, Mo., 278 S.W.2d 772, 774 [1]. Since the action seeks to enjoin the defendants from incurring an indebtedness in the sum of $198,000 and issuing and registering bonds in that amount, pursuant to the purported approval by the voters, and from collecting taxes for the payment of the principal and interest thereof, the amount directly in dispute exceeds the sum of $15,000 and this court has jurisdiction of the appeal. Art. V, § 3, Constitution of Missouri 1945; § 477.040, RSMo 1959, V.A.M.S.; Cooper v. School District of Kansas City, 362 Mo. 49, 239 S.W.2d 509, 511 [5]; Missouri Power & Light Co. v. City of Bucklin, 349 Mo. 789, 163 S.W.2d 561, 562 [1]; Butler v. Board of Education of Consolidated School Dist. No. 1 of Audrain County, Mo., 16 S.W.2d 44 [1].
Plaintiffs' first amended petition alleges that a special election was held on April 29, 1961, to vote upon a proposition to incur an indebtedness in the sum of $198,000 for the purpose of constructing and furnishing an addition to an existing school building to be used as a high school; that the judges and clerks of the election certified that 923 ballots were cast in favor of the proposition and 457 were voted against it for a total of 1380 ballots, and that the defendants adopted a resolution finding and declaring that the proposition carried by more than a two-thirds majority; and that unless restrained the defendants will incur indebtedness on behalf of the District in the amount of $198,000 and will cause a tax to be levied for payment of the principal and interest of the indebtedness. The foregoing allegations and others pertaining to more or less formal matters were admitted by defendants' answer. The parties stipulated that valid and timely notice of the special election was given as provided by law and that the special election was called by the board of directors of the School District at a proper and regular board meeting.
Additional allegations of plaintiffs' petition relating principally to the use of absentee ballots and the manner in which they were voted were stricken on defendants' motion which charged that the allegations were immaterial and that the court was without jurisdiction to hear and determine the issues so raised. In substance the parts so stricken asserted that the ballots cast by voters who appeared personally at the polls were 858 for the proposition and 449 against it and that the proposition was not approved by a two-thirds majority of the votes so cast; that thereafter 83 absentee ballots purporting to have been cast at said election were counted of which 10 were rejected and 65 were counted for the proposition and 8 against it; that if the absentee ballots had not been counted and included in the total vote cast the proposition would not have been approved and certified by the judges and clerks of the election; that the use of absentee ballots in a school bond election is not authorized by existing law; and that if absentee ballots were authorized they were cast by persons not entitled to do so, and that the applications for the absentee ballots and the time and manner of voting them were defective in the respects alleged.
The original petition was filed on May 13, 1961, and the first amended petition on *12 December 23, 1961. The plaintiffs then filed a motion for permission to inspect and make copies of all applications for absentee ballots and the envelopes in which they were received. The defendants filed a motion to strike the portions of plaintiffs' petition previously referred to. The defendants' motion to strike was sustained and the plaintiffs' motion to inspect was overruled. After the defendants' answer and the stipulation of the parties were filed, the defendants filed a motion for summary judgment which was heard and sustained on April 21, 1962. These dates are mentioned because an opinion of this court having an important bearing on the outcome of the present case was handed down on October 9, 1961. The various pleadings were filed and rulings were made with knowledge of this decision, State ex rel. School District of City of Jefferson, Cole County v. Holman, Mo., 349 S.W.2d 945, which deals with the use of absentee ballots at a special election held to vote on a proposal to issue school bonds.
In connection with their contention that the use of absentee ballots in a school bond election is not authorized by existing law, the plaintiffs request "serious reconsideration" of our decisions in State ex rel. School District of City of Jefferson, Cole County v. Holman, Mo., 349 S.W.2d 945, and State ex rel. Hand v. Bilyeu, Mo., 351 S.W.2d 457. In State ex rel. School District of City of Jefferson, Cole County v. Holman this court en banc construed the word "district" as used in § 112.010, RSMo 1959, V.A.M.S., relating to absentee voting to include a school district and decided that the Absentee Voting Law authorizes voting by absentee ballot in a school district election held to vote on a proposal to issue bonds for the construction of school buildings. In State ex rel. Hand v. Bilyeu this court en banc on transfer reached the same result that the Springfield Court of Appeals did, 346 S.W. 2d 221, but limited the court of appeals holding that absentee ballots were not authorized to elections where the vote was taken at a school meeting under the provisions of § 165.267(1), RSMo 1959, V.A.M.S. Such an election was distinguished from a special election conducted in accordance with the general election laws of the state at which the use of absentee ballots was authorized as previously held in State ex rel. v. Holman. The bond issue in the instant case was presented at a special election under § 165.040 as it was in State ex rel. School District of City of Jefferson, Cole County v. Holman. After the present suit was filed, the mandamus action of State ex rel. School District of City of Jefferson, Cole County v. Holman was brought directly in the supreme court wherein the question to be decided was "whether the absentee ballot law applies to elections held in school districts wherein the voters are called upon to vote for or against a loan as authorized by Section 165.040 RSMo 1959, V.A.M.S." 349 S. W.2d loc. cit. 946. Since the instant case involved the same issue, counsel for the parties obtained leave and filed briefs as amici curiae in State ex rel. School District of City of Jefferson, Cole County v. Holman.
On this appeal the plaintiffs present the contention that the use of absentee ballots is not authorized by existing law because (a) the statutes which provide for absentee ballots do not apply to school bond elections, (b) under the rule of Ejusdem Generis, absentee ballots are not authorized in a school bond election, and (c) the enumeration of geographical and political subdivisions in § 112.010, RSMo 1959, V.A. M.S., indicates that "School District" is not intended to be within the meaning of the word "district". Examination of the briefs on file in State ex rel. School District of City of Jefferson, Cole County v. Holman discloses that precisely the same points were presented in that case. The plaintiffs in their amici curiae brief presented points (a) and (b) and the relator's brief presented (c) as set out above. Furthermore, all of the statutes and decisions now relied on were cited in the previous case. So the plaintiffs are in the unique position of having had a trial run on this particular assignment. Nevertheless, we have reviewed and re-examined the question presented in all *13 of its aspects with the result that we are reassured that State ex rel. School District of City of Jefferson, Cole County v. Holman, 349 S.W.2d 945, and State ex rel. Hand v. Bilyeu, 351 S.W.2d 457, were correctly decided and are controlling in this case. Accordingly the assignment of error is denied.
The plaintiffs further contend that the trial court erred in striking from their petition the allegations with respect to absentee ballots previously referred to. A related contention is that the trial court erred in refusing to permit discovery of evidence in support of the allegations stricken. In this regard, the plaintiff's assert that "the appellants were entitled to plead and prove a violation of mandatory statutes by respondents in the conduct of the special election involved and to thereby establish that the election was a nullity, thereby giving equity jurisdiction to afford relief by injunction." This requires a consideration of the scope and character of relief that can be granted in an action of this kind.
The courts of this state have no jurisdiction to entertain actions to contest the results of school elections because there is no common-law right to do so, no statutory authority exists, and § 26(g), Art. VI, of the 1945 Constitution is not self-executing. Wann v. Reorganized School District No. 6, Mo., 293 S.W.2d 408, 411-412 [2, 3]; Eberle v. Plato Consolidated School District No. C-5, Mo., 313 S.W.2d 1, 2 [1]. In their brief and oral argument, the plaintiffs do not rely upon statutory authority to contest the election but cite cases which state that the procedures for casting absentee ballots are mandatory and urge that a failure to comply with these mandatory provisions renders the election "a nullity". In Straughan v. Meyers, 268 Mo. 580, 187 S.W. 1159, and Elliott v. Hogan, Mo.App., 315 S.W.2d 840, the offices involved were those of presiding judge of a county court and a city councilman, respectively, and the right to contest was provided by law. And so it was in all the cases where the courts took jurisdiction. Absent a statute vesting the courts with jurisdiction, the duty of passing on the qualification of voters and the legality of their votes rests with the election officials, and the results of elections as declared by the supervising officials cannot be re-examined judicially. State ex rel. Wahl v. Speer, 284 Mo. 45, 223 S.W. 655, 659 [2, 3].
The plaintiffs further assert that: "Basically, equity has jurisdiction to restrain the issuance and sale of the bonds involved if the election was a nullity". Courts of equity do not have inherent powers to entertain and determine election contests without statutory authority. Long v. Consolidated School Dist. No. 7, 331 Mo. 302, 53 S.W.2d 867; Boney v. Sims, 304 Mo. 369, 263 S.W. 412, 414 [2]; Montague v. Whitney, Mo.App., 298 S.W.2d 461, 464 [2]; 29 C.J.S. Elections § 248, p. 359. Plaintiffs' repeated references to the election as "a nullity" fail to distinguish between the validity of the election as a whole and the legality of individual ballots or category of votes. See Phelps v. Fenix, 345 Mo. 440, 134 S.W.2d 84, 88 [4], and Village of Hinsdale v. Du Page County Court, 281 Ill.App. 571 [3]. No issues remain in this case which would invalidate the election as a whole and render it a nullity. They were taken out of the case by the stipulation. What the plaintiffs are undertaking to do is to contest the result of the school bond election and under existing law the courts have no jurisdiction to grant such relief.
On the ground that this is the trial of a civil case in which the alleged violation of election laws is an issue, the plaintiffs complain particularly of the court's action in striking paragraphs 13, 14, 15, and 16 of their amended petition. Art. VIII, § 3, of the 1945 Constitution deals with methods of voting and concludes as follows: "All election officers shall be sworn or affirmed not to disclose how any voter voted; provided, that in cases of contested elections, grand jury investigations and in the trial of all civil or criminal cases in which the violation *14 of any law relating to elections, including nominating elections, is under investigation or at issue, such officers may be required to testify and the ballots cast may be opened, examined, counted, compared with the list of voters and received as evidence." Section 111.770, RSMo 1959, V.A.M.S., substantially follows the constitutional provision.
Paragraph 13 of the amended petition charged that the polls at the Conway voting precinct were closed prior to the hour fixed by law for closing, and that a large number of legal voters who desired to vote against the proposition appeared at the polling place prior to the hour fixed by law for closing and were denied their right to vote. Neither this paragraph nor the petition states the hour fixed for closing or when the polls were actually closed. There is no allegation of any law that fixes the time of closing. It does not state even approximately the number of persons alleged to have been denied the right to vote. The plaintiffs cite no authority in support of their contention and we have found none. The proviso of § 3 of Art. VIII permits a limited use of ballots as evidence in the trial of a civil case in which the violation of election laws is at issue, but it does not purport to create a cause of action. The plaintiffs have no standing to contest the results of the election and paragraph 13 does not plead facts sufficient to charge a violation of law within the meaning of the constitutional provision which would vitiate the election as a whole. See Armantrout v. Bohon, 349 Mo. 667, 162 S.W.2d 867, and Remington v. Flemington School Dist., Mo., 22 S.W.2d 800. The court did not err in striking paragraph 13 of the petition.
Paragraphs 14, 15, and 16 deal entirely with the validity of the absentee ballots. We have held that the use of absentee ballots was permissible under existing law and that the plaintiffs could not attack the validity of individual ballots since a contest of the results of the election was not authorized. For the reasons previously stated, these and the other allegations stricken did not plead a cause of action for voiding the election entirely.
In these circumstances the allegations stricken were immaterial and the court did not err in striking them. S.Ct. Rule 55.35, V.A.M.R.; Wann v. Reorganized School Dist. No. 6, Mo., 293 S.W.2d 408, 412 [5]; Eberle v. Plato Consolidated School Dist. No. C-5, Mo., 313 S.W.2d 1, 2 [1]; Arkansas-Missouri Power Corp. v. City of Potosi, 355 Mo. 356, 196 S.W.2d 152, 154-155 [3, 5]. Since the motion to strike was properly sustained, it follows that the motion to inspect and copy the applications for the absentee ballots and the envelopes in which they were received was properly overruled. There were no longer any issues in the case that made the absentee ballot applications and envelopes relevant or material within the purview of the discovery procedures provided by S.Ct. Rules 58.01 and 57.01(b), V.A.M.R.
The plaintiffs' contention that the trial court erred in entering summary judgment for the defendants is largely based on issues we have already decided. They say there was a genuine factual issue presented as to whether statutory requirements were complied with in the casting of absentee ballots and that if discovery had been permitted under their motion to inspect the evidence would have been procured that would have presented a genuine issue as to a material fact.
S.Ct. Rule 74.04 provides that a party against whom a claim is sought may move for a summary judgment, and in subd. (c) it is provided that: "Judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The plaintiffs call our attention to the fact that the Missouri rule with respect to summary judgment is the same as Federal Rule of Civil Procedure No. 56 and cite several federal cases which *15 in general hold that a summary judgment is an extreme remedy and should be awarded only when it is quite clear that there is no genuine issue of fact in the case.
Essentially the plaintiffs claim that they have by their pleadings created a factual issue as to the validity of the absentee ballots in whole or in part. We have held that the pleading in this respect is insufficient to raise an issue as to the validity of the election as a whole and that there is no existing authority for attacking the validity of individual ballots and thereby contesting the results of the election. The matters stricken were insufficient in law to create any material factual issue. All other factual allegations of the amended petition were admitted or stipulated. Therefore, there was no genuine issue as to any material fact in the case and summary judgment was properly granted. Ieppert v. John Hancock Mutual Life Ins. Co., Mo.App., 347 S.W.2d 436, 444 [3].
The judgment is affirmed.
All concur.