The STATE of Missouri, on the Information of Norman H. Anderson, Attorney General of the State of Missouri, at the Relation of Lawrence CONAWAY, Howard Brown, Dan Halbert, Clark Trask, Duane Sanders and Winston Kehner, Relators,

v.

CONSOLIDATED SCHOOL DISTRICT NO. 4 OF IRON COUNTY, Missouri, and Woodrow Reed, Tom Wigger, Jesse Ritter, Clive Troutt, Ollie Gene Coleman and Wilbur Crocker, Respondents.

No. 52582.

Supreme Court of Missouri, En Banc.

Aug. 21, 1967.

G. C. Beckham, Steelville, Dorman L. Steelman, Salem, for appellants.

Roy W. McGhee, Jr., Piedmont, for respondents.

STORCKMAN, Judge.

This appeal is from a summary judgment rendered against the relators on their information in the nature of quo warranto. The pleading was filed by leave of court on the information of Norman H. Anderson, attorney general of the state of Missouri, at the relation of six "tax paying residents and qualified voters of the territory known as School District R–4 of Crawford County, Missouri." The respondents are the Consolidated School District No. 4 of Iron County, Missouri, which will sometimes be referred to as the School District, and the six individuals who are the directors of the respondent School District.

The information alleges that on August 10, 1965, an election was held to vote on a proposition to adopt a Consolidated District by merging all of Crawford County Reorganized School District No. 4 and all of Iron County Reorganized School District No. 4 into one district to be known as Consolidated District No. 4; that the vote on the proposition as shown by the certificate of the election officials was 580 for the proposition and 572 against it, but if the votes had been properly cast and counted the proposition would have been defeated. The relators further allege that the respondent school directors, and each of them, usurp, hold, use and exercise the office of director of Consolidated School District No. 4 of Iron County since September 3, 1965, "and since that date have

unlawfully claimed and enjoyed the rights and privileges appertaining to said office."

The prayer of the information is for a judgment (1) that the election held on August 10, 1965, for the purpose of voting on a merger of the two districts "into a new district to be known as Consolidated School District No. 4 was void and of no effect"; (2) that the individual respondents "are usurping and pretending to hold and use the privileges, powers and perogatives [sic] of school directors and that they should be ousted therefrom"; (3) that Consolidated School District No. 4 "does not legally exist and that its power and authority has been and is being invalidly and improperly exercised."

The supreme court has jurisdiction of an appeal in a quo warranto proceedings seeking to oust directors of a consolidated school district since the action involves title to an office under the state within the meaning of § 3 of Art. 5 of the Constitution of Missouri, V.A.M.S. State ex inf. Smoot ex rel. Kugler v. Boyer, Mo., 259 S.W.2d 375, 376[1]; State ex inf. Stipp ex rel. Stokes Mound School District No. 7 v. Colliver, Mo., 243 S.W.2d 344, 346[1]; State ex inf. Taylor ex rel Zeliff v. Whitford, 361 Mo. 184, 233 S.W.2d 694[1]; State ex inf. Kamp ex rel. Rodgers v. Pretended Consolidated School District No. 1, 359 Mo. 639, 223 S.W.2d 484, 485[1]; Utt v. Oster, Mo.App., 235 S.W.2d 577. The appeal is properly lodged in this court.

All of the factual allegations of the information relate to the legality of the votes and voters at the election of August 10, 1965, and the accuracy of the canvass of the ballots and tally made by the election officials. It is alleged that Clement B. Fox, the acting superintendent of schools of Iron County, purported to authenticate the absentee ballots of sixteen qualified voters but thereafter advised the board of canvassers that such ballots were not valid and the ballots were not counted. It is further alleged that these sixteen absentee

ballots were legal and valid ballots and, on information and belief, it is asserted that all sixteen of these voters cast their ballots against the proposition. It is also alleged that twenty-nine persons who were not qualified cast ballots in the election; that one person voted an absentee ballot which was counted although the voter was in the school district on election day and was not prevented from going to the polls on account of illness; that three other persons voted invalid absentee ballots which were counted but should not have been because none of such persons filed a proper application for an absentee or sick ballot. On information and belief it is alleged that in three polling places the ballots were not correctly counted and tallied. The relators conclude that the election held on August 10, 1965, was invalid and of no effect; that there is no lawful incorporation or organization of the purported Consolidated District No. 4; that there could be no office of director of said purported district and, therefore, the respondents are usurping and pretending to hold, use and exercise privileges, powers and prerogatives of office which do not exist. The factual allegations are designed to change the result of the election and to obtain a judgment that the consolidated district has no legal existence.

The prayer for judgment that the election of August 10, 1965, was "void and of no effect" is not justified in the sense that there was some fatal defect going to the entire election. The issues presented relate altogether to the validity of certain ballots and the qualifications of the persons who cast them or undertook to do so. At best the factual allegations would furnish grounds for contesting the *result* of an otherwise valid election.

■ Despite the name given plaintiffs' pleading and their prayer for judgment, the action does not sound in quo warranto but is in the nature of a contest of the results of the election held August 10, 1965. The distinction is stated in 29 C.J.S. Elec-

tions § 1(10), pp. 26–27, as follows: "Election contests are distinguishable from quo warranto proceedings in that they are usually instituted within a prescribed period after the election by, or on behalf of, the unsuccessful candidate, for the purpose of establishing his right to the particular office in controversy, while quo warranto proceedings deal mainly with the right of the incumbent to the office, independent of the question who shall fill it. *Whether the suit is an election contest or a quo warranto proceeding to determine the right to office must be determined from the allegations of fact contained in the pleading, and where the questions raised by the litigation necessitate going behind the returns the case presented is an election contest.*" Italics supplied. See also State ex rel. Ewing v. Francis, 88 Mo. 557, 561, Morrison v. Crews, 192 Tenn. 20, 237 S.W.2d 1, 5[6]; State ex rel. Bryant v. Maxwell, 189 Tenn. 187, 224 S.W.2d 833, 836[4], and Adcock v. Houk, 122 Tenn. 269, 122 S.W. 979, 981[3].

■ The rule is well established in Missouri that the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader. Kemp v. Woods, 363 Mo. 427, 251 S.W.2d 684, 687–688[4]; Webster v. Sterling Finance Co., 351 Mo. 754, 173 S.W.2d 928, 931[3]; State ex rel. Nunnelee v. Horton Land & Lumber Co., 161 Mo. 664, 61 S.W. 869, 870[1].

■ "The right to contest an election is not a natural right, but it exists only under constitutional or statutory provisions, and one seeking relief under such provisions must bring himself strictly within their terms." 29 C.J.S. Elections § 247, pp. 680–681. This statement of the rule of law is supported by the Missouri decisions. Nichols v. Reorganized School District No. 1 of Laclede County, Mo., 364 S.W.2d 9, 13[6]; Wann v. Reorganized School District No. 6 of St. Francois County, Mo.,

293 S.W.2d 408, 411[2]; State ex rel. Phillips v. Barton, 300 Mo. 76, 254 S.W. 85, 89[8, 9]. We have not been cited to any Missouri statute or constitutional provision authorizing the contest of an election submitting a proposition to consolidate or merge school districts and our own research has not revealed any.

▮ Art. 6 of the Missouri Constitution relating to local finances provides in § 26(g) that all elections under this article may be contested as provided by law. Section 5 of Art. 7 dealing with public officers designates the forum for the contest of elections of certain state officers and further provides that the general assembly shall designate by general law the court or judge for the trial of the several classes of election contests and shall regulate the manner of trials and all matters incident thereto. The general statutes relating to election contests are Chapter 124. It provides for contesting the election of designated public officers and in § 124.240 for contesting the *result* of an election upon a proposed constitutional amendment or statute submitted or referred to the voters. The secretary of state is designated the contestee. These statutes generally designate the forum and provide an extremely limited time, a matter of days, for instituting contests and require their expeditious processing and determination. It is generally recognized that statutes governing election contests are a code unto themselves. Phelps v. Fenix, 345 Mo. 440, 134 S.W.2d 84, 88[3]. The election here complained of was held August 10, 1965, and this action was not instituted until March 2, 1966. It should be noted by way of contrast that in cases of contested elections for school directors, notice of the contest must be given to the opposite party within twenty days after the votes have been officially counted, and that every court authorized to determine contested elections shall hear and determine them in a summary manner without formal pleading. Sections 124.250 and 124.280, RSMo 1959, V.A.M.S.

▮ In their brief the appellants admit that they, after diligent search, "have not found a quo warranto case in the State of Missouri, which holds that the ballots may be opened, examined, counted and compared in a quo warranto proceeding." They also recognize there is "some very ancient authority" holding that ballots could not be used as evidence in a quo warranto proceeding. See State ex rel. Ponath v. Hamilton, Mo., 240 S.W. 445, 449[7], and State ex rel. Ewing v. Francis, 88 Mo. 557, 561. The appellants contend, however, these rulings have been changed by virtue of the 1924 amendment of § 3 of Art. 8 of the Constitution which now provides that "in cases of contested elections, grand jury investigations and in the trial of all civil or criminal cases in which the violation of any law relating to elections, including nominating elections, is under investigation or at issue" the election officials may be required to testify and the ballots cast may be opened, examined, counted, compared with the list of voters and received in evidence. The relators assert that this quo warranto proceeding is "a civil case in which numerous violations of the election laws are under investigation" within the meaning of the amended constitutional provision.

The 1924 amendment relaxed the secrecy of the ballot so as to permit the use of ballots as evidence in two additional categories, but it did not create a cause of action where none existed before. Hence, the authority to contest the results of an election remains a matter for legislative action, and the general assembly has not seen fit to grant the right to contest an election for consolidation of school districts.

Furthermore, § 3 of Art. 8 as amended does not enlarge the scope of quo warranto so as to permit such a contest. The relief obtainable in an action based on an information in the nature of quo warranto as codified in Chapter 531, RSMo 1959, V. A.M.S. and S.Ct. Rule 98, V.A.M.R. remains unchanged notwithstanding the 1924

amendment. The relators direct our attention to a number of cases holding that the corporate existence of a school district can only be questioned by the state in a direct proceeding instituted for that purpose by quo warranto. These consist chiefly of cases attacking the election in its entirety on grounds such as defective compliance with statutory requirements for notice of the election and furnishing essential information to the voters. For example, see State ex inf. Barker v. Smith, 271 Mo. 168, 196 S.W. 17, Utt v. Oster, 362 Mo. 866, 245 S.W.2d 22, and State ex rel. Boyer ex inf. Forst v. Whittle, Mo., 401 S.W.2d 401. None of the cases cited, however, undertake to change the *result* of an election by a recount of the ballots. The conventional action of quo warranto is not in keeping with the proceedings provided by law for the expeditious disposition of election contests. Section 111.770, RSMo 1959, V. A.M.S., is presently in the language of § 3 of Art. 8 and does not enlarge on the legal effect of the amendment.

 The portion of § 3 of Art. 8 relaxing the secrecy of the ballot so as to permit access to the ballots in certain situations has been held effective as a rule of evidence without enabling legislation; however, the right to contest an election ·for the. purpose of changing its result has been uniformly held not to exist except by grant from the general assembly and under regulations prescribed by it. ·Nichols v. Reorganized School District No. 1 of Laclede ·County, Mo., 364 S.W.2d 9, 13[4]; State ex rel. Miller v. O'Malley, 342 Mo. 641, 117 S.W.2d 319[9, 10]. In the O'Malley case this court en banc stated: "Undoubtedly, the part of the section permitting the opening of ballots in election contests is not self-enforcing, in the sense that further provision must be made by statute for such contests. But the part which provides for the use of the ballots as evidence in grand jury investigations is self-enforcing, and no legislative default can thwart it." 117 S.W.2d at page 323.

The courts have no jurisdiction of an action to contest the result of an election to consolidate school districts because the general assembly has not so provided either in a special statutory action or by extending the scope of an information in the nature of quo warranto. State ex rel. Frank v. Becker, 320 Mo. 1087, 9 S.W.2d 153, 154[3]. This action in substance is an election contest and under existing law cannot be maintained.

The judgment is affirmed.

All concur except SEILER, J., absent.