# SUPREME COURT

OF THE

## STATE OF COLORADO.

## September Term, 1907.

· [No. 5341.]
[No. 2987 C. A.]

NICHOLSON v. THE E. P. McGOVERN UNDERTAKING
COMPANY ET AL.

Appellate Practice—Correctness of Judgment Below Admitted
by Plaintiff in Error.

Where, on writ of error, counsel for plaintiff in error, in his
brief, admits the correctness of the judgment below, and this
view is concurred in by defendant in error, such judgment will
be affirmed.—P. 3.

*Error to the District Court of the City and County
of Denver.*

*Hon. F. T. Johnson, Judge.*

Action by Jemima Nicholson against The E. P.
McGovern Undertaking Company, a corporation, A.
B. Sullivan, Joseph Walsh, Catherine J. McGovern

and E. P. McGovern.    From a judgment in favor of defendants, plaintiff brings error.    *Affirmed.*

Mr. R. D. REES, for plaintiff in error.

Messrs. TALBOT, DENISON & WADLEY, for defendants in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action to recover damages for personal injuries. The controversy arose out of the following facts: W. C. Frerker is a livery stable keeper. The defendants, who are engaged in the undertaking business, hired of Frerker a carriage, a team of horses and driver, which were to be used in carrying to the cemetery friends of the deceased and taking them back to their respective residences. The plaintiff, Mrs. Nicholson, was one of the occupants of the carriage, and on the return trip, and as she was about to alight from the carriage in front of her home, the driver suddenly started up his horses, which threw plaintiff to the ground and caused the injuries for which this action is brought.

At the close of plaintiff's testimony, which tended to establish the foregoing facts, the court, on motion of defendants, directed the jury to return a verdict for them, and dismissed the action, to which judgment the plaintiff sued out this writ of error.

After the dismissal of this action, the plaintiff, being in doubt as to the liability of the hirer of the horses and carriage, brought an action on the same ground of negligence against their owner, the keeper of the stable, and recovered a judgment against him. Both cases are now pending here for review, and plaintiff is represented in both cases by the same counsel, who has filed briefs in each case. In his brief here, he calls our attention to his brief

in case No. 5502, that of plaintiff against the owner, reported as *Frerker v. Nicholson, post,* p. 12, wherein he says that he has arrived at the conclusion that the trial court was right in dismissing the present action against the hirer. Whether this conclusion is in anywise due to the fact that plaintiff was successful in recovering a judgment against the owner, or is the result entirely of a further examination of the authorities, is immaterial. It is sufficient for us to say that, since the plaintiff in error and defendant in error are in accord, the decision of the trial court was right, it would not be fitting to disturb this unusual concord by reversing a judgment with which the parties themselves are satisfied. It is accordingly affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.