HORNE *v.* BURNETT'S LUMBER & SUPPLY CO.

In Banc.   Feb. 27, 1950.

No. 37286 (44 So. 2d) 536)

Russell Wright, for appellant.

J. V. Gibson, for appellee.

**McGehee, C. J.**

The brief in full of counsel for the appellant now before this Court is in the following words:

"Appellant, by his counsel, respectfully shows that upon careful examination of this record, there is no error which he can with confidence assert, and therefore respectfully confesses that this cause should be affirmed."

What language shall be found sufficiently simple in its sublimity—sufficiently sublime in its simplicity—for the proper evaluation of the virtue of such refreshing candor? It is with a sense of delight, really unassumed—it is with a sentiment of awe—that the writer approaches the matter of drafting an appropriate opinion to be rendered herein for fear that there may have been some mistake made by the appellant in consenting to an affirmance. However, because of our confidence in the good judgment

of such counsel, after prolonged reflection and mature deliberation, we have finally reached the ultimate conclusion, *without reading the record*, that the case must be affirmed. In fact, the appellee actually concedes the correctness of the position now taken by the appellant before this Court. It may be that the appellee is being unduly influenced by his desire to retain the judgment recovered by him in the trial court, or, on the other hand, it could be that he is merely refraining from taking a position here inconsistent with that which he urged in the trial court.

The course adopted by the appellant should be commended to the consideration of other appellants from time to time when a study of the facts actually testified to in the record, and an examination of the controlling principles of law involved should lead to such a conclusion. It remains to be seen as to whether or not some appellee at some future time will decide to do likewise when he has obtained a judgment or decree that is not sustained either by the facts or the law.

While we have viewed with delight and admiration the appellant's spirit of fairness and frankness with the Court, his plight of having no valid defense to the suit has commanded our sympathy. Except for the fact that the appellee was evidently entitled to the judgment appealed from, his right to recover now being confessed, we would be constrained to examine the record with great care before affirming the case. Nevertheless, under the circumstances, it is the considered judgment of all of the Judges that the case must be affirmed. For once, we plead guilty to not having read the record, believe it or not.

Affirmed.