CITY OF McCOMB v. PIKE COUNTY.

Division B. Sept. 24, 1951.

No. 38112 (54 So. (2d) 171)

**W. G. McLain** and **Louis Alford,** for appellant.

Jas. A. Wiltshire, B. D. Statham and Price, Phillips & McLendon, for appellee.

**Roberds, P. J.**

The City of McComb, by its bill in this cause, seeks to recover of Pike County one-half of the road taxes levied and collected by it for the years 1946 and 1947 on property located within the municipality, as provided by Section 8367, Miss. Code 1942. The bill claims that the amount of the road tax so collected for 1946 was $28,961.35 and for 1947 was $32,294.97. The answer of the County avers that the road tax for 1946 amounted to $4,619.82 and that for 1947 $5,146.46; and that the County had tendered to, and the City had refused to accept, one-half of such sums. The County says it is ready to pay the sums so tendered and refused. Section 8367 vests in municipalities no right to the bridge fund; it only vests such right to the road fund. The contest here is over the right of the City to one-half

the fund levied and collected under the head of "Bridge Maintenance Fund."

The City, as we understand its position, bases its right of recovery on two grounds: First, that the orders of the supervisors levying the tax for said years specifically set out Chapter 104, Laws of 1932, as its authority for making the levy, and that the cited law did not authorize separate levies for roads and bridges, as the orders purported to do, but that the assessments, regardless of their recitals or forms, in legal effect, imposed a road and not a bridge tax; and, Second, that the County had adopted a fraudulent device, as set out in the bill, for the purpose of defrauding the City of its rightful portion of the tax. The bill exhibited as a part thereof the pertinent parts of the orders levying the tax. The County filed a special demurrer to the bill, contending that neither of the two mentioned grounds, as alleged in the bill, was well taken. The chancellor sustained the demurrer and it is from that action of the court that this appeal is taken.

We now decide the first point. In specifying the purpose of the levy for 1946, the order recited "Road Fund (Laws 1932, Chapter 104) Maintenance Fund 1.00 * * *". "Bridge Fund (Chapter 104, Laws 1932) Maintenance Fund 5.25." The order states that the stated figures refer to mills upon each dollar valuation. The levy for 1947 is in all essentials the same as 1946 except that it adds, in addition to the Laws of 1932, the words "Section 9880, Code 1942" following the bridge fund maintenance line. Section 9880 is the same as Section 3, Chapter 104, Laws 1932. We do not think the contention now being considered is well taken for these reasons:

First, appellant says the levies should have been either under Section 8358 or 8360, said Code. The first section provides "The board shall levy annually a tax, upon the taxable property of such county to be used for road and bridge purposes * * *". Section 8360 recites that "The board of supervisors of any county may, in

its discretion, levy annually an ad valorem tax on all taxable property of the county to be used for constructing and maintaining all bridges and culverts on the public roads throughout the county." Section 9880 reads "In addition to the levy authorized by the foregoing section, the board of supervisors may impose a county-wide levy or levies for the maintenance and/or construction of roads and bridges not to exceed seven mills in any one year * * *". Sections 8358 and 8360 were in force when Section 9880 was enacted. But they do not nullify Section 9880. Section 9880 itself authorizes the levy albeit the other two sections also empower the supervisors to make a levy. Apparently the main reason for enactment of Section 9880 was to impose a seven mill limit for roads and bridges; nevertheless, that section, in positive terms, says "the board of supervisors may impose a county-wide levy or levies * * *" not exceeding seven mills. And, in this connection, it is worthy of note that the levies for roads and bridges were a part of the general levy for many purposes for 1946 and 1947, and that in the first clause of the orders making said levies, after specifically mentioning certain laws as authorizing such action, including Chapter 104, Laws 1932, it is recited "and other laws relative to said matter," which, if necessary, would include Sections 8358 and 8360.

Second, in response to the contention of appellant that the levy under Section 9880 had to be for roads alone, and therefore the combined levy for roads and bridges, aggregating 6.25 mills on the dollar, was for roads and subject to division with the City, it is noted that said section expressly authorizes "levy or levies", thereby authorizing the supervisors, as we construe the section, to make separate levies for roads and bridges.

Third, Section 9889, said Code, empowers the supervisors to make the general annual county levies for various purposes, and then recites "In making the levy

of taxes, the board of supervisors shall specify, in its order, the levy for each purpose, as follows:

.  .  .  .  .  .

"2. For roads and bridges, as fixed and limited by section 3, chapter 104, laws of 1932 (§ 9880)."

It appears, therefore, that the levies under discussion, in specifying the Laws of 1932, complied with the express requirements of Section 9889.

The contention of appellant that the levies, in the form here made, were, in legal effect, road levies alone is not well taken.

Appellant next says the County adopted a device to defraud the City. That alleged device is most strongly set out in an amendment to the bill in these words: "Complainant shows that said tax levies and the funds in which the proceeds therefrom were placed, and the handling of said funds and payments therefrom, and the manner in which said City's claim has been disregarded, are all part of an administrative device and scheme to prevent the City of McComb, Mississippi, from collecting its one-half (½) of all ad valorem taxes due under authority of Section 8367 of the Mississippi Code of 1942, and Complainant further shows that the tax levies for bridge and road purposes for the tax years mentioned herein were made under authority of Section 9880 of the Mississippi Code of 1942, which section provides for levies for the purpose of maintaining roads, and Complainant shows and charges that it was intended that the funds obtained from the so-called "Bridge Levy" should be used for the maintenance of the public roads of Pike County, Mississippi, and Complainant charges that the funds obtained by said levies were used indiscriminately for bridges and road purposes, and the handling of same were all part of said unlawful and illegal administrative device aforesaid." By comparison, it will be seen that these are the same allegations, in substance, as were alleged in the bill in City of Crystal Springs v. Copiah County, 207 Miss. 257, 42 So. (2d) 188,

and that case held that such allegations did not state ground for recovery of funds raised under a levy expressly levied for bridge purposes, regardless of the use to which said funds might be put, the opinion expressly pretermitting any intimation as to personal liability vel non of the supervisors if they should use and apply the funds to a purpose other than that set out in the order making the levy.

The action of the lower court in sustaining the special demurrer as to the rights of appellant in the bridge fund is sustained, but since the amount of the road fund to which the City is entitled is in dispute, the case is remanded for further proceedings not inconsistent with this opinion.

Affirmed and remanded.