William S. MORRIS, Robert L. Mehornay, Jr., Carl E. Enggas, and Clyde L. Linde, as the Board of Election Commissioners of Jackson County, Missouri, and Jackson County, Missouri, Respondents,

v.

KANSAS CITY, Missouri, Appellant.

No. 51136.

Supreme Court of Missouri,

Division No. 1.

June 14, 1965.

R. Robert Cohn, John C. Thurlo, Kansas City, for respondent Board of Election Com'rs of Kansas City.

Harold L. Fridkin, County Counselor, Kansas City, for respondent Jackson County.

Herbert C. Hoffman, City Counselor, John J. Cosgrove, Assoc. City Counselor, Kansas City, for defendant-appellant.

HIGGINS, Commissioner.

Declaratory judgment action in which it was adjudged that defendant was liable for one half of the $44,091.66 annual rental or the $151,483.50 purchase price of voting machine adapters, and denied defendant recovery of $22,045.83 paid to Jackson County. Defendant has appealed.

In 1953 the people of Kansas City and Jackson County, Missouri, voted bonds for the purchase of voting machines and, in 1954, the Kansas City Election Board purchased 687 Shoup voting machines out of bond proceeds. These machines could list candidates for each office in a primary election in a single vertical column in the order of their filing if there were less than 50 candidates. The 1960 Democratic Primary Election was the first election following acquisition of the machines in which there were more than 50 candidates. In 1962, in order to comply fully with the law, the board secured adapters which had been invented in 1961, by which candidates for each office could be listed in a single vertical column even though there were more than 50 candidates. The adapters were leased at an annual rental of $44,091.66 with right to purchase for $151,483.50. Kansas City paid $22,045.83 rental in 1962, but has since refused to pay on the theory that the rental was not an operating cost within the meaning of Section 121.050, RSMo. 1959, V.A.M.S.

Appellant, in stating its sole point on this appeal, asserts: "Since taking our appeal from the judgment in this case we have concluded that there was no error in said judgment."

The precise question occasioned by this concession has not been presented previously in Missouri. It has, however, been ruled in at least four cases from other states. In Horne v. Burnett's Lumber & Supply Co., 208 Miss. 448, 44 So.2d 536, the appellant's brief stated: "Appellant * * * respectfully shows that upon careful examination of this record, there is no error which he can with confidence assert * * *." The court

commended the course adopted by the appellant, " * * * viewed with delight and admiration the appellant's spirit of fairness and frankness * * *" in confessing his lack of defense, and affirmed the judgment below. In reliance on that case the same result was reached in Ed Tutor v. State, Miss., 54 So.2d 171; and to the same effect are Page v. Southern Bell Telephone & Telegraph, 40 Fla. 425, 25 So. 62, and Nicholson v. E. P. McGovern Undertaking Co., 41 Colo. 1, 92 P. 225.

A situation closely akin was presented in Feste v. Newman, Mo., 368 S.W.2d 713, 714 [1, 2], where it was stated that "In her point plaintiff sets forth no action or ruling of the trial court which is contended to be erroneous. In fact, in the argument she states that she 'is frankly and openly arguing that she should lose her appeal.' She only contends * * * that if Jean Denton prevails on her appeal, there should be a new trial of the issues not only between her and Jean Denton but also between her and Billy Newman. However, she is entitled to such new trial only for error prejudicial to her, and after she has properly preserved and presented her contention of error for appellate review. * * * Billy Newman has filed a motion to dismiss the appeal of plaintiff for the reason that her brief fails to comply with Civil Rule 83.05, V.A.M.R. * * * we agree and conclude that the appeal should be dismissed."

Civil Rule 83.05(e), V.A.M.R., provides: "The points relied on shall * * state what actions or rulings of the Court are claimed to be erroneous and * * * state why it is contended the Court was wrong * * *." Under this rule we have refused to consider specific points on appeal because of abandonment or waiver due to failure to comply with the rule. See for recent examples, Ayres v. Keith, Mo., 355 S.W.2d 914, 919 [6, 7] (failure to brief points); State v. Brookshire, Mo., 325 S.W. 2d 497, 500 [7] (failure to state why previous ruling is incorrect); Holt v. Queen City Loan & Investment, Inc., Mo., 377 S.W.

2d 393, 400 [13] (failure to cite authority). Appellant has, in effect, abandoned any assignment of error, and thus has failed to comply with Rule 83.05, which failure is ground for and results in a dismissal of the appeal.

 Appellant, however, and without citation of authority, urges us to consider certain facts admittedly dehors the record; and, upon such facts, to render a modification of the judgment or to reverse and remand the case for a consideration of such facts by the court below. We have already demonstrated that no point of error has been presented upon which to consider the merits of the case for affirmance or reversal; and, under Section 512.160, RSMo. 1959, V.A.M.S., and Civil Rule 83.13, "No appellate court shall reverse any judgment, unless it believes that error was committed by the trial court against the appellant, and materially affecting the merits of the action." We have held: "In the absence of error inhering in the record, this court does not have power to reverse the judgment." Power v. Benson Banking Co., Mo. App., 99 S.W.2d 109, 110; Owings v. White, Mo., 51,370, 391 S.W.2d 195. And, to consider the suggested facts and result alleged to flow therefrom would be to allow presentation of a theory for the first time in this court, a practice which is not permitted. Stevens v. Missouri Pac. R. Co., Mo., 355 S.W.2d 122, 127 [1,2]; Grimes v. Armstrong, Mo., 304 S.W.2d 793, 799 [9]; M. F. A. Mutual Ins. Co. v. Southwest Baptist College, Inc., Mo., 381 S.W.2d 797, 803 [6].

Accordingly, the appeal is dismissed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.