**Mr. and Mrs. Charles W. KESSLER, Plaintiffs-Appellants,**

v.

**Mr. and Mrs. William P. REED, and Citizens Loan and Savings Company, a corporation, Defendants-Respondents.**

No. 25565.

Missouri Court of Appeals, Kansas City District.

April 24, 1972.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1972.

Application to Transfer Denied July 17, 1972.

560

Elwyn L. Cady, Jr., Independence, for plaintiffs-appellants.

Edward P. Speiser, Miner, Martin & Speiser, St. Joseph, for respondents, Mr. and Mrs. William P. Reed.

John S. Gordon, Gordon, Adams, Niewald & Risjord, Kansas City, for respondent, Citizens Loan and Savings Company.

CROSS, Judge.

Plaintiffs Kessler, husband and wife, filed a petition alleging that on or about August 31, 1966, Mr. Kessler was owner of a certain 1965 Chevrolet automobile, certificate of title to which had previously been delivered to defendant Citizens Loan and Savings Company to effectuate security for a loan; that on or about August 31, 1966, defendant William P. Reed, "assisted and abetted by defendant Mrs. Reed", applied for and received a duplicate certificate of title, by falsely representing that the original title had been lost, and that he (Mr.Reed) was the lawful owner of the vehicle; that Mr. Reed had no interest in the vehicle and knew that plaintiff Kessler was the lawful owner; that upon receiving the duplicate certificate, "defendants Reed proceeded, as was their design and plan, wrongfully to convert plaintiff Mr. Kessler's car" by delivery of the duplicate certificate and possession of the vehicle to a third party; and, that as a result of "the wrongful conversion", plaintiffs have incurred litigation costs, loss of vehicle's use, loss from the vehicle's depreciation and loss of "personal good will". The only averment of the petition by which plaintiffs attempt to charge Citizens with any wrongdoing is contained in paragraph 8, here quoted: "That as a direct result of defendant REED's wrongful conversion, *coupled with defendant CITIZEN's harassment and embarrassment of plaintiff MRS. KESSLER in regard to the transaction described above by wrongful invasion of her right of privacy,* plaintiff MRS. KESSLER has separately sustained severe emotional distress with resulting hospitalization." (Italics ours.) Awards of actual and punitive damages were prayed both as against Citizens and defendants Reed.

As its responsive pleading, defendant Citizens Loan and Savings Company filed a motion to dismiss plaintiffs' petition as to itself on the ground that "plaintiffs' sole allegation of any purported ground of recovery * * (as contained in paragraph 8) * * fails to state a cause of action."

The trial court sustained the motion and entered its order dismissing Citizens as a party defendant.

Defendants Reed filed joint answer alleging that on August 7, 1967, in the Circuit Court of Buchanan County, defendant William P. Reed filed an action (as plaintiff) for partnership accounting against Charles W. Kessler (a plaintiff here); that Kessler filed a counterclaim in which he asserted precisely the same claim as plaintiffs undertook to assert in this action, and that "the matter (of Kessler's counterclaim—which involved the subject automobile) was fully determined by the order of the Circuit Court of Buchanan County, Missouri, September 18, 1968,"—(referring to a judgment resolving the partnership accounting action in Reed's favor and denying Kessler relief on his counterclaim.)

Defendants Reed additionally filed a motion for summary judgment on two grounds: "1. That the cause of action stated in plaintiffs' petition is res judicata, there being no genuine issue as to any material fact relating thereto and that the defendants are entitled to judgment as a matter of law." and "2. That plaintiffs' petition alleges that Mr. Kessler was the owner of the vehicle allegedly converted. Therefore, summary judgment should be entered against Mrs. Kessler and in favor of defendants, since Mrs. Kessler had no interest in the automobile to be converted." The motion was submitted on the basis of the pleadings in the instant case and certified copies of the court's record and proceedings in the Buchanan County case, no controverted issue of fact being involved. Upon consideration, the trial court sustained the motion of defendants Reed for summary judgment and entered judgment that "plaintiffs take nothing by their petition" and that "said defendants are discharged with their costs herein expended."

■ As appellants, plaintiffs Kessler first complain the court erred in dismissing defendant Citizens outright "without giving Mrs. Kessler the opportunity of amending her petition to state further facts under allegations of harassment and embarrassment by wrongful invasion of her right of privacy." We are in agreement with the trial court that the petition does not contain facts sufficient to state a cause of action against Citizens. Averments relative to "harassment and embarrassment" and "wrongful invasion of her right of privacy" are in no sense statements of fact from which it could be found that Mrs. Kessler had suffered any wrongs of the nature alleged and amount to no more than abstract conclusions. "'Mere conclusions of the pleader not supported by the factual allegations cannot be taken as true and must be disregarded in determining whether a petition states a claim on which relief can be granted.' Tolliver v. Standard Oil Company, supra, [Mo.] 431 S.W.2d [159] at p. 162; Miller v. Ste. Genevieve County, Mo., 358 S.W.2d 28, 30." Cady v. Hartford Accident and Indemnity Company, Mo.Sup., 439 S.W.2d 483. As appears above, plaintiffs' real contention with respect to dismissal of their petition (as to Citizens) is that the trial court should have given them opportunity to amend it, instead of ordering its outright dismissal. It is plaintiffs' suggestion that "the cause should be remanded to permit reframing the statement of claim." This we decline to do. It should be pointed out that at no time did plaintiffs ever request the trial court for leave to amend their petition or advise the trial court of what an amendment would consist, nor do they so advise this court. "'If a plaintiff desires to file an amended petition it is up to him to ask leave to do so.' Jones v. Williams, 357 Mo. 531, 209 S.W.2d 907, 911." Cady v. Hartford Accident and Indemnity Company, Mo.Sup., 439 S.W.2d 483. Even if such request had been made, it would have been subject to the exercise of a sound judicial discretion on the part of the trial court as to whether the proposed amendment be permitted. The language of Civil Rule 67.05, V.A.M. R., which states that "the court shall freely grant leave to amend" is considered to imply that in the granting or refusing of

leave to amend the trial court is to exercise its discretion in view of all the circumstances. Cady v. Hartford Accident and Indemnity Company, Mo.Sup., 439 S.W.2d 483. That discretion will not be disturbed where, as here, there is no showing that it has been "palpably and obviously abused." Stewart v. Stewart, Mo.App., 277 S.W.2d 322.

 Plaintiffs raise an additional point of claimed error—that the trial court erred in rendering summary judgment in favor of defendants Reed. We find no merit in that contention and rule that the trial court properly rendered the summary judgment of which plaintiffs complain. It is clearly apparent that plaintiff William C. Kessler is estopped by the Buchanan County judgment from relitigating the same issue in this action. Plaintiffs make no serious effort to convince this court otherwise. However, plaintiffs urge that the partnership accounting between Mr. Reed and Mr. Kessler should not, under the doctrine of res judicata, bar Mrs. Kessler, who was not a party to that proceeding, from prosecuting this action. We do not find it necessary to rule that question, because it is conclusively apparent from the record that Mrs. Kessler is not a party qualified or eligible to maintain this action, which, as against defendants Reed, plaintiffs denominate as for "wrongful conversion". It is well established that in order to maintain an action for conversion, the party claiming aggrievement must have title to, or a right of property in, and a right to the immediate possession of the property concerned at the time of the alleged conversion. See National Surety Corporation v. Hochman, Mo.App., 313 S.W.2d 776, Osborn v. Chandeysson Electric Co., Mo.Sup., 248 S.W.2d 657 and Jackson v. Rothschild, Mo.App., 99 S.W.2d 859. Nothing in the record indicates that Mrs. Kessler had any interest in the automobile involved, either legal or equitable, or any right to its possession. As evidencing otherwise, Mrs. Kessler has joined with Mr. Kessler in solemnly pleading by their joint petition that "Mr. Kessler was the lawful owner of the vehicle". Therefore it must be held that Mrs. Kessler was not entitled to maintain an action for conversion against either Mr. Reed or Mrs. Reed.

Consequently we affirm both the order and judgment dismissing plaintiffs' petition as to defendant Citizens Loan & Savings Company, and the summary judgment that plaintiffs take nothing by their petition.

SHANGLER, C. J., and DIXON, J., concur.

PRITCHARD, SWOFFORD, and WASSERSTROM, JJ., not participating because not members of court when cause was submitted.