Ralph L. SYDNEY and Verona Sydney, Appellants,

v.

The COCA–COLA COMPANY, Respondent.

No. KCD 29012.

Missouri Court of Appeals, Kansas City District.

June 12, 1978.

Motion for Rehearing and/or Transfer Denied July 20, 1978.

Dennis G. Muller, Muller & Muller, Kansas City, for appellants.

Jack F. Olson, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and DIXON JJ.

PER CURIAM.

Plaintiffs brought an action seeking actual and punitive damages against defendant for removal of a Coca-Cola sign from the roof of certain premises occupied by plaintiffs in a suburban shopping center complex owned by a third party. Defendant was fully absolved by a jury and plaintiffs have appealed.

Plaintiffs rely on seven instances of purported trial error as grounds for relief on appeal. In addition to responding to each of the seven grounds individually, defendant submits that the verdict and judgment below in its favor should be affirmed because plaintiffs failed to make a submissible case. Two well established principles immediately come into play by reason of defendant's stance on the want of evidence. One, the seven purported instances of trial error relied on by plaintiffs are immaterial and of no decisional moment on appeal if plaintiffs failed to make a submissible case. *Osborn v. McBride,* 400 S.W.2d 185, 188 (Mo.1966); *Hoock v. S. S. Kresge Co.,* 230 S.W.2d 758, 761 (Mo. banc 1950); and *Cottonwood Fibre Co. v. Thompson,* 359 Mo. 1062, 225 S.W.2d 702, 708 (1950). Two, plaintiffs will not be heard to advance and this court will not entertain a theory of recovery on appeal different from that relied upon at the trial level. *Morris v. Kansas City,* 391 S.W.2d 198, 200 (Mo.1965); and *Corning Truck & Radiator Serv. v. J. W. M. Inc.,* 542 S.W.2d 520, 527 (Mo.App. 1976).

Before the effect of the above principles can be fully reckoned with, plaintiffs' theory of recovery at the trial court level must first be ascertained. On appeal plaintiffs take the position that two theories of recovery were embodied in their petition and advanced throughout the trial, namely, trespass to realty and trover for conversion of the sign. It is appropriate at this juncture to be reminded that the theory of a case is framed by the pleadings either as drawn or as amended by the evidence. *State ex rel. Conaway v. Consolidated School District No. 4 of Iron County,* 417 S.W.2d 657, 659 (Mo. banc 1967); *White v. Scarritt,* 341 Mo. 1004, 111 S.W.2d 18, 21 (1937); *Miller v. Ranson and Company,* 407 S.W.2d 48, 53 (Mo.App.1966); Rule 55.33(b).

This case went to trial on plaintiffs' third amended petition, all of which suggests that plaintiffs labored under considerable difficulty in coming to grips with a definite legal theory upon which to rest their purported right of recovery. Plaintiffs' third amended petition in its own right is far from and exemplar of clarity, and is, unfortunately, laced with considerable vagueness and uncertainty. After taking a hard look at it the only conclusion to be drawn is that it pleaded nothing more than an action of trover for conversion of a Coca-Cola sign in which plaintiffs claimed some vague property interest. The only mention pleadingwise of an entry upon real property, at best, was the whisper of a hint that conversion of the Coca-Cola sign was effected or perpetrated by going onto the roof of the premises occupied by plaintiffs. Pleadingwise, plaintiffs attached no significance to or claim of damages for defendant's entry upon the realty to remove the sign. Plaintiffs' emphasis, pleadingwise, was upon the taking of the sign and their claim for damages (actual and punitive) was restricted to its taking and removal as reflected by the fact that the only actual damages claimed were for the intrinsic value of the sign and the loss of business occasioned by the unavailability of the sign to beckon customers to their place of business. From a pragmatic point of view, the following excerpt from the opening statement to the jury made by plaintiffs' counsel constitutes a telling and definitive revelation that plaintiffs' theory of recovery was an action of trover for conversion of the sign: "Based upon these facts and other evidence, we will expect to prove to you, or show you, that *the taking of the sign* was malicious and based upon this we will ask you to bring in a penalty for the Coca-Cola Company . . .". (Emphasis added.) Suffice it to say, the evidence adduced at the trial did not broaden or amend the pleadings and the case was submitted to the jury on a theory of conversion of the Coca-Cola sign.

Having concluded that plaintiffs' theory of recovery below was limited to an action of trover for conversion of the Coca-Cola sign, all to the exclusion of any present claim or argument that trespass to realty was conjunctively pleaded and advanced as a viable theory of recovery, attention now focuses on whether plaintiffs made a submissible case under their pleaded theory. In determining whether plaintiffs made a submissible case, the evidence must be viewed in the light most favorable to them and defendant's evidence, except as it aided plaintiffs, must be disregarded. *Citizens Bank of Festus v. Missouri Natural Gas Co.*, 314 S.W.2d 709, 710 (Mo.1958); and *Fenneren v. Smith*, 316 S.W.2d 602, 606 (Mo.1958).

The Coca-Cola sign in question was bought, paid for, owned and maintained by defendant. At plaintiffs' request and defendant's expense it was erected on the roof area over certain premises housing a "malt shop" occupied and operated by plaintiffs in a suburban shopping center complex which was owned by a third party. Plaintiffs understood that the Coca-Cola sign would cease to be available to advertise and beckon customers to the "malt shop" if and when they terminated the use of Coca-Cola products. Plaintiffs terminated their use of Coca-Cola products and defendant removed its Coca-Cola sign from the roof of that portion of the premises in the suburban shopping center complex occupied by plaintiffs in the operation of their "malt shop".

*Kessler v. Reed*, 481 S.W.2d 559, 562 (Mo.App.1972), holds that in order to maintain an action of trover the plaintiff must have "title to, or a right of property in, and a right to the immediate possession of the property concerned at the time of the alleged conversion". See also: *Twellman v. Lindell Trust Co.*, 534 S.W.2d 83, 97 (Mo.App.1976); *National Surety Corporation v. Hochman*, 313 S.W.2d 776, 780 (Mo.App.1958); and *Jackson v. Rothschild*, 99 S.W.2d 859, 861 (Mo.App.1936). In the instant case plaintiffs had neither the requisite property interest in the Coca-Cola sign nor a right to its immediate possession at the time of its removal by defendant, both of which were necessary to make a submissible case under

**14**

their singularly pleaded and advanced theory of conversion. Plaintiffs argue that they had some type of "special interest" in the Coca-Cola sign at the time of its removal. They have not denominated the vague and nebulous "special interest" claimed by them in the Coca-Cola sign to be a legal interest, as contradistinguished from a mere equitable interest. Nor have plaintiffs claimed or pointed to the existence of any evidence which would elevate the vague and nebulous "special interest" claimed by them in the Coca-Cola sign from merely an equitable interest to a legal interest, if in fact they had even an equitable interest. Authority exists for the proposition that there must be a conversion of a legal as opposed to a mere equitable interest in property in order to maintain an action of trover for its conversion. Sustenance for this proposition is found in *Osborn v. Chandeysson Electric Co.*, 248 S.W.2d 657, 663 (Mo.1952): "To maintain trover, it has been considered that plaintiff must have title to, or a right of property in and a right to the immediate possession of, the stock at the time of conversion, and 'there must be an invasion of a legal, as contradistinguished from an equitable right.' 11 Fletcher, Private Corporations, p. 149, § 5114, nn. 97, 98; *Rosencranz v. Swofford Bros. Dry Goods Co.*, 175 Mo. 518, 529, 75 S.W. 445, 448, 97 Am.St.Rep. 609."

When the principles enunciated above are viewed anent the evidence in the case at bar in the light most favorable to plaintiffs, this court is constrained to hold that plaintiffs failed to make a submissible case under their pleaded theory of trover for defendant's alleged conversion of the Coca-Cola sign in question. Ergo, the seven specific instances of trial error relied upon by plaintiffs on appeal are dissipated of any decisional relevance or vitality and the jury verdict and judgment entered below in favor of defendant and against plaintiffs must stand.

Judgment affirmed.

All concur.