**EMCASCO INSURANCE COMPANY, Respondent,**

v.

**AUTO DRIVEAWAY COMPANY, Appellant.**

**No. 30039.**

Missouri Court of Appeals, Western District.

Sept. 4, 1979.

James C. Wirken, Frederick H. Riesmeyer, II, Kansas City, for appellant.

Jack F. Olson, Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from jury verdict for $1,850.00 upon a bailment. Motion for new trial timely filed and overruled. Reversed and remanded for retrial on issue of damages only.

Appellant is engaged in the business of delivering automobiles to various parts of the United States. Respondent is a casualty insurance carrier. On August 23, 1975, a 1975 Pontiac Gran Prix automobile was stolen from its owner in the Kansas City, Missouri area. The owner had purchased the automobile some nine days before the theft. The automobile was found abandoned in California on September 4, 1975.

The parties herein entered into an agreement whereby, for a fee, appellant was to have the automobile transported back to Kansas City. The police released the automobile to appellant's possession. Appellant then contracted with one Irving Wilder to deliver the automobile to respondent. The automobile never arrived as expected, and respondent filed suit for nondelivery. During the pendency of the suit, the automobile was recovered by the F.B.I. in Tuscaloosa, Alabama and eventually returned to respondent. During the intervening time, respondent paid to its insured (the original owner) the sum of $5,750.00, which represented the amount of the loss of the automobile. There was and continues to be a major dispute over the damage to the automobile and further as to when particular damages to it actually occurred. The automobile was ultimately sold by respondent for the sum of $3,910.00.

At trial, respondent attempted to recover the sum of $1,840.00, which represented the alleged loss on the actual resale of the automobile, plus expenses in the sum of $475.00.

Appeal is made, alleging error in the giving of the instruction on damages alone. The question of liability has been abandoned on this appeal.

Appellant contends the court erred in giving MAI 4.01. The court should have given MAI 4.02 on the theory that MAI 4.02 is the applicable instruction on damages in property cases only. Respondent counters by alleging the suit was one for breach of contract and that respondent was entitled to recovery for its total loss, including expenses. Respondent also alleged that MAI 4.01 was the proper instruction because it instructs the jury on general damages and more clearly fits the facts of this case.

Careful review of respondent's petition reflects a cause of action predicated upon a theory of breach of contract and thus a claim for general damages pursuant to that alleged as breach.

Had the trial proceeded with the evidence in strict conformity with the petition, not only would respondent's prayer for general damages be correct, but respondent's contention relative to MAI 4.01 would also be correct.

A careful reading of the transcript, however, reveals the evidence did not conform to the petition. At the time suit was initiated, the vehicle had not been recovered. Upon trial, however, recovery of the automobile had been achieved, it had been sold and evidence of its resale made a part of the record. The result of this evidence caused respondent's theory of the case, originally circumscribed by the pleadings, to be modified. See *State ex rel. Conaway v. Consolidated Sch. Dist. No. 4 of Iron County*, 417 S.W.2d 657 (Mo. banc 1967), where

at page 659, our State Supreme Court ruled regarding pleadings, "The rule is well established in Missouri that the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader." Further, on the question of case theory and the effect of evidence upon trial of the issues, see *Sydney v. Coca-Cola Co.*, 569 S.W.2d 11 (Mo.App.1978) wherein on page 12, it was held, ". . . plaintiffs' theory of recovery at the trial court level must first be ascertained . . . It is appropriate at this juncture to be reminded that the theory of a case is framed by the pleadings either as drawn or as amended by the evidence."

This is a case involving damages to property only, and MAI 4.02 should have been submitted to the jury, not MAI 4.01. MAI 4.02 carries within it the measure of damages as the fair market value before damage and the fair market value after damage. Such a measure of damage is the rule of most jurisdictions, while within our own state, there appears no case of record in bailment prescribing such measure of damages.

In finding that it was error to have submitted MAI 4.01 and error to have refused to instruct the jury on MAI 4.02, the conclusion is reached that in bailment cases involving property only and where there has not been a total loss or destruction of the property, the measure of damages shall be the difference between the fair market value of the property before it was damaged and its fair market value after it was damaged.

For the reasons set forth herein, this cause is reversed and remanded for trial upon the issue of damages only.

All concur.