Louis & Elaine GIERKE, Appellants,

v.

Patrick T. HAYES, General Partner, WPN Investors, L.P., Respondent.

Ross SCIARA and Mary Sciara, Appellants,

v.

Patrick T. HAYES, General Partner HPO Investors, L.P., Respondent.

No. WD 38067.

Missouri Court of Appeals, Western District.

Jan. 20, 1987.

Rehearing Overruled March 3, 1987.

Michael P. O'Keefe, North Kansas City, for Gierkes and Sciaras.

Robert G. Scott of Levy & Graig, Kansas City, for respondent.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

Appellants appeal the order of the trial court dismissing their petition against respondent for suit on a note. The petition was dismissed for failure to state a cause of action. Appellants also appeal the trial court's order overruling appellants' motion to amend the petition.[1]

The pertinent facts are as follows:

---

1. Appellants filed separate actions which were consolidated on appeal pursuant to an order of this court, and said actions are herein disposed of as one.

Furthermore, prior to consolidation, respondent filed motions to dismiss the appeals on the grounds that appellants' briefs violated Rules 84.01, 84.04(c), 84.04(h) and 84.08. Said motions were overruled by order of this court.

Appellants were limited partners of a limited partnership.[2] Appellants sold their respective interests to a Kansas limited partnership (hereinafter "the purchaser").[3] Pursuant to the sale, the purchaser executed and issued to appellants a promissory note and security agreement to secure the amount due and owing appellants in consideration of the sale by appellants to the purchaser of the appellants' limited partnership interests. These documents state that they are to be construed pursuant to Kansas law.

Appellants brought this action against respondent Patrick Hayes, in his capacity as general partner of the purchaser, alleging that the purchaser had defaulted on the note and that, pursuant to the security agreement, appellants elected to accelerate the remaining balance on the note, and that said balance and interest was due and owing appellants.

Appellants filed their suit on September 19, 1985. On October 30, 1985, respondent requested additional time in which to respond to the petition. The court granted the extension and on November 15, 1985, respondent filed a motion to dismiss or in the alternative for summary judgment, along with suggestions in support of the motion. On December 13, 1985, appellants filed their motion to amend their petition, an answer to respondent's motion, and motion for summary judgment, along with suggestions in support of their motions. On December 23, 1985, respondent filed his response to appellants' motion for summary judgment, and on January 30, 1986, respondent filed his answer to appellants' petition.

In an order dated January 30, 1986, the trial court overruled appellants' motions for summary judgment and to amend their petition, and sustained respondent's motion to dismiss for failure to state a cause of action. Appellants timely filed this appeal.

Appellants raise two points and charge the trial court erred in (1) dismissing the petition for failure to state a cause of action because said petition does state a cause of action, and (2) overruling appellants' motion to amend their petition because such was an abuse of the court's discretion.

Appellants' first point is taken up and, after full consideration, is ruled against them for the following reasons:

Respondent's motion to dismiss was premised upon the grounds that both the note and the security agreement contain clauses which exculpate respondent from personal liability on the note, and that the security agreement limits appellants' remedies to specific courses of action, which appellants have not exhausted. Specifically, respondent cites to a portion of the promissory note which states:

> However, it is a condition of such covenant that, in the event of a default in the payment of the indebtedness evidenced hereby, the Payee [appellants] shall take no action against the Maker [the purchaser] or any partner thereof [respondent] personally for the payment of the principal balance of this Note and any interest thereon.

■ Appellants argue that the language contained in the note (which was incorporated into and made a part of the security agreement) and security agreement is conflicting and ambiguous and therefore should be construed against the drafter. Specifically, appellants cite to a portion of the note which states, "all events of default under this Note and all remedies to which the Payee[s] [appellants] [are] entitled shall be set forth in the Security Agreement."

---

2. Appellants Ross and Mary Sciara were limited partners in Oak Park Apartments, Ltd., and appellants Louis and Elaine Gierke were limited partners in Nettleton Manor, Ltd. Other than the fact that appellants' interests were in two separate limited partnerships, the facts and issues pertinent to this appeal are identical and the underlying actions will be referred to as one.

3. The Sciaras sold their interest to HPO Investors, L.P., a Kansas limited partnership, and the Gierkes sold their interest to WPN Investors, L.P., also a Kansas limited partnership. Respondent is the general partner for both of these limited partnerships.

The remedies available to the secured parties (appellants) are set out in paragraph 7 of the security agreement. This paragraph states that in the event of a default on the note the secured parties have the right to accelerate the remaining balance and interest on the note and either take the collateral (the interests in the limited partnerships) as full satisfaction, or avail themselves of all rights and remedies under the Uniform Commercial Code (U.C.C.) in force in the state of Kansas.

Appellants argue that the language of the security agreement becomes ambiguous as paragraph 7 continues:

Notwithstanding the foregoing, neither the Partner ship [the purchaser] nor any Partner thereof [respondent], shall have any personal liability for the payment of the principal of or any interest thereon of the Mortgage Loan or the Purchase Money Notes or any other such indebtedness, nor for any debt evidence (sic) by or arising under the Purchase Money Notes or this Security Agreement, including any extensions, renewals, refinancings or changes in form thereof, and the sole recourse of any *lender* of the holder of any Purchase Money Note or of any debt evidenced by or arising under the Purchase Money Note or this Security Agreement shall be to the collateral.

(Emphasis added.)

Appellants argue that the above-quoted language is ambiguous as it conflicts with the language of the promissory note which limits the personal liability of respondent to the payee (appellants) rather than appellants' lenders. Appellants conclude that since the language is ambiguous, it must be construed against the drafter, citing the *Restatement Second of Contracts.*

Appellants' argument fails for two reasons: First, this court finds no ambiguity in the language contained in either the note or the security agreement. Those documents, construed together, simply state that respondent is not personally liable to appellants upon the note; that appellants' remedies are limited to the collateral or to any recourse available to them under the U.C.C.; that respondent is not personally liable to any lender of appellant upon the note; and that the remedies of any lender of appellant are limited to the collateral.

■ Second, even if the language contained in the note and/or security agreement is ambiguous, which it is not, this court cannot construe the language against the drafter of those documents as there is no evidence in the record as to who drafted the documents.

■ This court holds that the language contained in the promissory note and the security agreement is not ambiguous and that said documents exculpate the purchaser and respondent from personal liability to appellants upon the note.

■ Appellants also argue that the dismissal of their petition for failure to state a cause of action was erroneous because one of the remedies available to appellants under the security agreement is to avail themselves of all rights and remedies under the Uniform Commercial Code as in force in the state of Kansas. Under Kansas law, a secured party may reduce his claim to judgment. K.S.A. 84–9–501. Therefore, appellants argue, the security agreement contemplates the possibility of a judgment against respondent and thus appellants' petition states a proper cause of action.

The provisions of the Kansas U.C.C. provide, however, that parties to a contract may provide remedies in addition to or in substitution for those provided in the article, and may limit or alter the measure of damages recoverable under the article. K.S.A. 84–2–719.

The note states, in unambiguous terms, that respondent is not personally liable under the note. Therefore, appellants are limited to taking back the collateral or to proceeding with any remedy provided under the Kansas U.C.C. except those actions which would subject respondent to personal liability.

For their point (2), appellants charge the trial court erred in overruling appellants' motion to amend their petition because such was an abuse of the court's discretion.

Appellants filed their motion to amend along with a copy of the proposed amended petition which alleged breach of a fiduciary duty and fraud. Appellants argue that the trial court abused its discretion in overruling their motion because Rules 55.33 and 67.06 state that the court should freely grant a party leave to amend a petition when justice so requires.

When determining whether leave should be granted to amend a petition, a court should consider: (1) the hardship to the moving party if leave to amend is denied, (2) the reasons for the moving party's failure to include the new matter in the original pleading, and (3) the injustice to the opposing party should leave be granted. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App.1984). The underlying question this court must ask is "whether justice is furthered or subverted by the course taken" by the trial court. *Id.*

Although this court recognizes that there is no absolute right to amend a petition, *Rahm v. Missouri Public Service Co.,* 676 S.W.2d 906, 908 (Mo.App.1984), and that the trial court is free to exercise its discretion in allowing or refusing leave to amend, *Kessler v. Reed,* 481 S.W.2d 559, 561 (Mo. App.1972), the trial court's ruling must be overruled upon a showing of palpable and obvious abuse. *Id.* at 562.

In the present case, appellants filed their motion to amend their petition seeking to include allegations of breach of fiduciary relationship and fraud. If the ruling of the trial court, overruling appellants' motion to amend, is affirmed, appellant would be collaterally estopped to raise these claims later. Appellants argue that this would create a hardship to them as they would be left with no other remedy.[4]

Appellants also state that there would be no injustice to respondent in allowing appellants to amend their petition because the action is still in the initial pleading stages and, in fact, appellants' motion to amend was filed prior to respondent's answer to the original petition.

Finally, appellants state that the reason they failed to allege breach of fiduciary duty and fraud in their original petition is that the original petition is a suit on the note against respondent in his capacity as general partner of the purchaser, and that in his motion to dismiss, respondent requested a finding that he is not liable in his personal capacity and that appellants' only remedies are those set forth in the note and security agreement. Thus, appellants argue, they must be allowed to raise the additional claims against respondent personally as they would be estopped to raise them later.

This court agrees with appellants, and, for the reasons set out above, finds the trial court abused its discretion in overruling appellants' motion to amend.

Respondent argues that the trial court correctly overruled appellants' motion to amend because the proposed amended petition does not state a cause of action. Specifically, respondent cites to *Laclede Investment Corp. v. Kaiser,* 596 S.W.2d 36 (Mo.App.1980). In *Laclede,* respondent (plaintiff below) loaned funds to appellants for the construction of an apartment complex that appellants had contracted with a third party to build. The loan was evidenced by promissory notes which contained clauses relieving the makers from personal liability and declaring the sole remedy of the holder to be foreclosure of a second deed of trust which secured the loan. The project was not completed and the holder of the first deed of trust foreclosed, rendering respondent's second deed of trust worthless. Respondent never sued on the promissory notes themselves, admitting that appellants were not personally liable because of the exculpatory clauses. Rather, respondent sued appellants for breach of their agreement contained in the loan agreement to complete the project, and for promissory estoppel. The trial court found that respondent was entitled to recover on both theories.

The Court of Appeals for the Eastern District reversed the trial court, stating the

---

**4.** Appellants Sciara note in their brief that respondent has disposed of the collateral in violation of the security agreement. Although this court finds no evidence of such contained in the legal file, respondent does not deny the allegation.

notes were a part of the loan agreement and that the exculpatory language contained in the notes limited respondent's remedy to foreclosure of the security interest. The court stated, "Plaintiff advances the theory that it is not seeking recovery on the notes but instead on the contract. If this is a distinction, it is one without a difference. The notes are an integral part of the contract." *Id.* at 39.

Respondent herein attempts to equate the situation in *Laclede* with that in the present case. Respondent argues that the allegations contained in the proposed amended petition do not state a cause of action because of the exculpatory clause of the note.

This court agrees with respondent that under *Laclede* appellants cannot state a cause of action for breach of a fiduciary duty because if such duty existed, which this court seriously doubts, said duty would exist only by virtue of the contract between respondent and appellants. However, appellants' claim for fraud is an action in tort and exists independent of the contract. *See Stoltzfus v. Howey*, 54 S.W.2d 501, 506 (Mo.App.1932). Therefore, if appellants' proposed amended petition states a cause of action for fraud, such cause is not barred under *Laclede*[5].

■ In order to plead a proper cause of action for fraud, a plaintiff must aver the following: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the hearer in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; and (8) his right to rely thereon. The authority on this is so well settled that citation is not necessary.

■ Appellants' proposed amended petition, given its fair intendment, alleges (1) that respondent made representations to appellants regarding the solvency of the purchaser and its ability to maintain its committment under the promissory note and security agreement; (2) that said rep-

resentations were false; (3) that said representations were material; (4) that respondent knew the representations were false; (5) that respondent made these representations with the intent that appellants rely upon such; (6) that appellants were ignorant of the falsity of such representations; (7) that appellants did in fact rely on the representations; and (8) that appellants had the right to so rely.

■ Appellants may not maintain any action against the purchaser or respondent on the note or for breach of a fiduciary duty, but appellants' proposed amended petition properly alleges a cause of action for fraud and the trial court obviously and palpably abused its discretion in overruling appellants' motion to amend.

That portion of the judgment dismissing the original petition for failure to state a cause of action is affirmed, and that portion overruling appellants' motion to amend the petition is reversed and the cause is remanded for proceedings in conformity with this opinion.

All concur.

---

**5.** This court recognizes that *Laclede* is Missouri authority and does not control because the note and security agreement must be interpreted pursuant to Kansas law. However, there is no authority in Kansas on this issue and this court finds *Laclede* is persuasive authority.