Norman O. CHANEY, d/b/a Ozarks Realty, William M. Maloney, and Verna Wolf, Plaintiffs–Appellants,

v.

Charles CLAY, Marie Clay, Charles Bridgewater, d/b/a Century 21 Lake Country Realty, Charlotte Roper, d/b/a Shar Realty Co., Hugh Bowers, Wynona Sanderlin and Wayne Sanderlin, Defendants–Respondents.

No. 19871.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 25, 1995.

Michael J. Sweeney, Monett, for appellants.

J. Michael Riehn, Tom W. Cardin, P.C., Cassville, for respondents.

PREWITT, Presiding Judge.

Following non-jury trial, judgment was entered in favor of Defendants. Plaintiffs appeal. Review is under Rule 73.01(c). As that rule is interpreted, this Court is to affirm, unless there is no substantial evidence to support the judgment, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App. 1990).

Due regard is given to the trial court's determination on the credibility of witnesses. Rule 73.01(c)(2); *Looney v. Estate of Eshleman,* 783 S.W.2d 164, 165 (Mo. App.1990). The trial judge is in a better position than this Court to determine the credibility of the parties, their sincerity, character, and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton,* 576 S.W.2d 584, 585 (Mo.App.1979). The trial judge, as the trier of fact, can disbelieve testimony, even when uncontradicted. *Robinson v. Estate of Robinson,* 768 S.W.2d 676, 677 (Mo.App.1989).

Plaintiffs sought damages by their petition alleging breach of a real estate "listing agreement" they entered into with the Defendants Clay to sell property the Clays owned, and "intentional and unjustified inter-

ference with said Agreement or business relation." The claim for intentional interference did not claim relief against Defendants Clay. Plaintiffs sought to add them to that claim and their request was denied.

■ Plaintiffs present three points relied on. The first claims error for the trial court overruling Plaintiff's motion for leave to file an amended petition in order to add the Defendants Clay as parties to the intentional interference claim. The trial court has discretion in determining whether to allow an amended petition. *Mahan v. Missouri Pac. R.R. Co.,* 760 S.W.2d 510, 514 (Mo.App.1988); *Gierke v. Hayes,* 724 S.W.2d 282, 286 (Mo. App.1987). No abuse of discretion appears here.

■ Plaintiffs contended that the Clays should have been added to their count claiming tortious interference with the contract. That contention fails as "a party to a contract cannot tortiously interfere with his own contract." *Wigley v. Capital Bank of Southwest Mo.,* 887 S.W.2d 715, 722 (Mo.App.1994). In addition, the trial court determined there was no breach or tortious interference and adding the Clays would not have changed that result. This Court does not "reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." Rule 84.13(b). Point I is denied.

■ Plaintiffs assert by their second point that their "petition should be treated as amended to conform to the proof, and Respondents Charles Clay and Marie Clay should be considered and treated as parties defendants in Counts IV and V of Appellants' petition." Here, the evidence pertaining to the Clays was relevant on issues between Plaintiffs and the other Defendants. Pleadings are only amended by implied consent when evidence is introduced without objection, where the evidence is relevant only to that issue and not relevant to an issue already in the case. *Mahan,* 760 S.W.2d at 514; *Gee v. Gee,* 605 S.W.2d 815, 817 (Mo. App.1980); Rule 55.33(b). As noted earlier,

adding the Clays would not have changed the result. Point II is denied.

Plaintiffs' remaining point contends that the trial court erred in entering judgment because "Appellants established through probative and competent evidence that all of the Respondents successfully executed a conspiracy designed to prevent Appellants from performing their contract, and to prevent them the benefits which would have been due them had they been permitted to perform their contract."

■ At the conclusion of Plaintiffs' evidence, Defendants moved for "a directed verdict." Although incorrectly labelled, such a motion can be treated as a motion for judgment, under Rule 73.01(a)(2). *Cave v. Cave,* 593 S.W.2d 592, 595 (Mo.App.1979); *Reeves v. Boone,* 591 S.W.2d 118, 121 (Mo.App.1979). The effect of that motion was to submit the case for decision on its merits, giving the trial judge the right to weigh evidence and decide the case against the Plaintiffs. *Cave,* 593 S.W.2d at 595; *Reeves,* 591 S.W.2d at 121.

Under this Court's limited review, giving deference to the trial court, and considering that Plaintiffs had the burden of proof, we cannot say that the decision was wrong. The decision was not against the weight of the evidence, and no error of law appears.

The judgment is affirmed.

SHRUM, C.J., and CROW, J., concur.