**Michelle NICHOLSON, d/b/a MCN Real Estate Broker–USA, Plaintiff–Appellant,**

v.

**W.H. MYERS and Joyce Pine Myers, Defendants–Respondents.**

No. 20733.

Missouri Court of Appeals, Southern District, Division One.

Sept. 17, 1996.

Douglas E. Evans, Evans & Green, James R. Schumacher, Springfield, for Plaintiff–Appellant.

No brief filed by Defendants–Respondents.

PREWITT, Judge.

Plaintiff alleged in her petition that Defendants breached an "exclusive right to sell listing agreement" for the sale of a motel owned by Defendants. Plaintiff sought a commission for the sale of the property, expenses incurred in listing the property, interest, attorney's fees and costs. Following non-jury trial, judgment was entered in favor of Defendants. Plaintiff appeals.

Review is under Rule 73.01(c). For interpretation of that rule, see *Chaney v. Clay,*

906 S.W.2d 903, 904 (Mo.App.1995). Plaintiff presents two points relied on. We determine that the second point is dispositive, and therefore do not consider the initial point.[1]

Plaintiff contends through the second point that the trial court erred because Defendants "through bad faith conduct prevented the occurrence of contingencies in the listing agreement necessary for payment of a commission to" her. Plaintiff asserts that Defendants and the purchasing party reached an agreement for the sale of the property, but delayed the signing of documents reflecting that agreement until after the expiration of the listing agreement.

The listing agreement expired on April 23, 1993. Five days later an agreement to sell was signed. The record establishes that those documents were agreed to more than two weeks before the listing agreement expired. Defendants advised the purchaser that the papers could not be signed until the day after the listing agreement expired. The purchaser was also advised that the required cashier's check "must not show a date before April 24, 1993." The trial court concluded that:

> The evidence shows that Defendants had discussions with and prepared contracts directed to [purchaser] prior to April 23, 1993. Plaintiff's Exhibit 4 clearly shows that Defendants were aware of the significance of the listing agreement and showed an intent to avoid having to pay a real estate commission to Plaintiff.

The court, nevertheless, determined that the property did not sell prior to April 23, 1993, and, therefore, Plaintiff was entitled to no commission.

■ The right of a broker to recover real estate commissions depends upon the specific terms of the contract. *CB Commercial Real Estate Group, Inc. v. Equity Partnerships Corp.*, 917 S.W.2d 641, 646 (Mo.App.1996). The contract here called for the broker to receive a commission if the property sold during the term of the listing agreement. It was not required that the broker be the cause of the purchaser knowing of and purchasing the property.[2]

In *Mercantile Trust Co. v. Lamar*, 148 Mo.App. 353, 128 S.W. 20, 22–23 (1910), the Court determined that if an agreement was made before the termination of the listing agreement, even if not in writing, and the execution of a deed was deferred for the purpose of evading liability for a commission, the commission was nevertheless due. The Court noted:

> The instrument by which plaintiff was appointed agent would be defeated in one of its main provisions if a complete agreement might have been reached by the defendant and the [buyer], and yet liability to plaintiff be evaded by postponing the formal consummation of the sale until its agency expired. Such an interpretation would relieve defendant from the duty to observe good faith in keeping his agreement with plaintiff.

*Lamar* is cited with approval in *Byers Bros. Real Estate & Ins. Agency v. Campbell*, 329 S.W.2d 393, 396 (Mo.App.1959). *See also Smith v. Welch*, 611 S.W.2d 398 (Mo. App.1981); *Studt v. Leiweke*, 100 S.W.2d 30, 34 (Mo.App.1937).

■ The record established that Plaintiff was entitled to receive a commission of $24,-000.00, with interest as provided by law. The listing agreement also provided for Plaintiff to receive reasonable attorney's fees as necessary to collect the commission. Such a provision is valid, entitling Plaintiff to have said fees included as a part of her judgment. *Cimasi v. City of Fenton*, 659 S.W.2d 532, 537 (Mo.App.1983).

The judgment is reversed and the cause remanded for the trial court to enter judgment as set forth above, including award of such amount of attorney's fees as the court

---

1. Respondent filed no brief here. "While there is no penalty prescribed for the failure to file a brief, we are required to decide the case without the benefit of that party's authorities and points of view." *Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 479 n. 3 (Mo.App.1996).

2. There are agreements which require that the broker be the procuring or inducing cause. *See Vigeant v. Fidelity Nat'l Bank & Trust Co.*, 236 Mo.App. 774, 158 S.W.2d 184, 189 (1941).

determines to be reasonable and necessary in this matter.

BARNEY, P.J., and GARRISON, J., concur.